AMELIA MACEMAN v. EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES.[1]

July 12, 1897.

Nos. 10,621—(238).

**Special and General Verdict—Inconsistent Findings—Life Insurance.**
    A life insurance policy made the insurance money payable to the insured, his executors, administrators, or assigns. Plaintiff, a daughter of the insured, claims that he assigned the policy to her, and then joined her in a written request to the insurer that the policy be surrendered, and a new one issued to her. A new one was issued to her in lieu of the old one, and this action was brought on the new one. The intervenor, the widow of the insured, claims under the old policy through his will. The jury, by a special verdict, found that the insured assigned the old policy to plaintiff, but that he never made or signed any request that the same be surrendered, and a new one issued to her, as she claims, and they also found a general verdict for the intervenor. *Held*, the special finding controls the general verdict, and the court did not err in ordering judgment for plaintiff on such finding, notwithstanding the general verdict.

[1] Reported in 72 N. W. 111.

*Instruction—Failure to Except—Law of the Case.*

> *Held*, further, the erroneous instruction of the court, not excepted to, that if the jury found that the insured did not make or sign such request they should find for the intervenor, did not become the law of the case, so as to prevent plaintiff from having judgment on such special finding.

*Same—Special Finding Decisive of Case.*

> Rule applied that where the jury have made a special finding on a separate and distinct issue, which conclusively disposes of the case, it is immaterial that the judge may have erred in his instructions in submitting to the jury other separate and distinct issues.

Appeal by intervenor, Gunel Speelman, from a judgment of the district court for Winona county entered pursuant to an order, Snow, J., for judgment in plaintiff's favor on a special verdict, notwithstanding a general verdict for $1,000 in intervenor's favor. Affirmed.

*Thomas Simpson, H. M. Lamberton,* and *George T. Simpson,* for appellant.

*Webber & Lees,* for respondent.

CANTY, J.

This is a contest between two alleged beneficiaries for the insurance money accruing on a life insurance policy on the death of the insured. The plaintiff brought the action, the other claimant intervened, and the defendant insurance company paid the money into court. The original insurance policy, dated November 21, 1887, made this money payable to the insured, "his executors, administrators, or assigns." Plaintiff is the daughter of the insured, and claims through a written assignment of the policy made by the insured to her, dated March 9, 1896. She also claims that on March 31, 1896, she and the insured joined in a written request to the insurance company that this policy be surrendered, and a new one issued in its place for the same amount, payable to plaintiff, her heirs or assigns. The insurance company accepted a surrender of the old policy, and issued a new one accordingly, and this action was brought on the new policy. The intervenor is the widow of the insured, she having been his second wife, and she claims under the first policy through his will. On the trial, a number of requests for special findings were submitted to the jury, and they found that

the insured assigned the old policy to plaintiff, but that he never signed or authorized the signing of the alleged request that the old policy be surrendered, and a new one issued to plaintiff. They also found a general verdict for the intervenor. On these special findings the court ordered judgment for plaintiff notwithstanding the general verdict, and from the judgment entered thereon the intervenor appeals.

We are of the opinion that the special finding first above mentioned is inconsistent with the general verdict, and controls the latter. The insured had a right to assign the original policy to his daughter, and, he having done so, the insurance money belongs to her, notwithstanding her attempt to substitute the new policy for the old one. Such attempt did not forfeit her right to the insurance money. She still had a right to claim it under the one policy or the other, and the intervenor has no right to it at all.

The court charged the jury that the claim of plaintiff "depends upon the validity and regularity of the issuance of this new policy," and, if they found that the request to change that policy was not signed by the insured, the plaintiff is not entitled to recover, and the intervenor is entitled to recover. This part of the charge was not excepted to, and appellant contends that it became the law of the case. An erroneous part of the charge, not excepted to, becomes the law of the case when the verdict can be set aside only by reason of such error, or perhaps when the verdict is assailed by reason of other parts of the charge which have been excepted to and are in fact erroneous, but are consistent with such law of the case, and cannot be regarded as erroneous if such part of the charge, not excepted to, must control, and furnish the law of the case, as far as it goes. But the ground on which this general verdict is set aside is not error in the charge at all. Such ground is that the facts specially found destroy the general verdict. The facts found by the special verdict dispose of the case regardless of how the other issues might be disposed of, and the error of the court committed in submitting such other issues to the jury is now immaterial. Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13.

Judgment affirmed.