MARY KURSTELSKA v. MARK S. JACKSON and Another.[1]

November 22, 1901.

Nos. 12,769—(78).

**Verdict—Evidence.**

> *Held,* that the evidence presented at the trial of this cause at which plaintiff secured a verdict, is not of such a conclusive character as to require the court below to direct a verdict against plaintiff, or, upon the rendition of a verdict for her, to order judgment for defendants notwithstanding the same.

Appeal by defendants from an order of the district court for Winona county, Snow, J., denying a motion for judgment notwithstanding the verdict and granting a motion for a new trial. Affirmed.

*C. A. Morey* and *O. B. Gould,* for appellants.

*Henry M. Lamberton* and *Brown, Abbott & Somsen,* for respondent.

COLLINS, J.

The plaintiff's husband was killed while at work for defendants in the construction of a sewer, and as administratrix she brought this action under the provisions of G. S. 1894, § 5913. At the close of the testimony the motion provided for in Laws 1895, c. 320, was made by defendants' counsel and denied. In addition to the general verdict for the plaintiff, the jury answered three separate questions submitted by the court for special findings; the first in the affirmative, the second and third in the negative. Subse-

[1] Reported in 87 N. W. 1015.

quently a motion was made by defendants for judgment in their favor notwithstanding the verdict, and, in case this was denied, for a new trial. The court below declined to order judgment in defendants' favor, but granted a new trial, whereupon they appealed.

It is very clear that there is a fatal lack of harmony between the general verdict and the answers to the three questions, the special findings. They cannot be reconciled. The first answer was undoubtedly sustained by the evidence, but the general verdict is not supported thereby. In fact, it is in direct opposition. The second special finding is, in our judgment, wholly unsupported by the evidence, and we have some difficulty in finding testimony which will justify the third. It is possible that the jury deliberately ignored the evidence as to the matter covered by the second finding, and paid little or no attention to that which should have governed their action as to the third; but the indications are that they did not quite understand what was required of them in respect to special findings, and this failure to understand the matter brought about the errors.

In view of these facts, the court below was justified in granting that part of defendants' motion which demanded a new trial, of which plaintiff's counsel has not complained. We have examined the evidence carefully, and are of the opinion that it cannot be denominated as of such a character, and so conclusive in defendants' favor, as to require the court to direct a verdict against plaintiff, or, upon the rendition of a verdict for her, to order judgment for defendants notwithstanding the same, as provided for by the law of 1895. We are not convinced that a good cause of action against defendants does not appear probable, or that the defects in the evidence are of such a character as to render it impossible for them to be supplied at another trial. A discussion of this evidence as certified up will be of no service to the profession at large, nor would it prove of value at another trial of this case, and therefore we forbear.

Order affirmed.