MARY KURSTELSKA v. MARK S. JACKSON and Another.[1]

March 6, 1903.

Nos. 13,225—(266).

### Negligence of Master.

*Held*, that the evidence was sufficient to justify the jury in finding in this action that defendant was negligent when furnishing material to be used by workmen in the construction of a sewer, and that this negligence was the proximate cause of the death of plaintiff's intestate.

### Charge to Jury.

When a trial court, in a charge, finally undertakes concisely to sum up and formulate the law which is to govern the jury in its deliberations, it is its duty to cover every legal question involved. *Held*, that this was not done in the case at bar.

Action in the district court for Winona county by plaintiff, as administratrix of the estate of Lorence Kurstelska, deceased, to recover $5,000 for the death of decedent. The case was tried before Snow, J., and a jury, which rendered a verdict in favor of plaintiff for $4,250. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed, and new trial granted.

[1] Reported in 93 N. W. 1054.

*C..A. Morey* and *O. B. Gould,* for appellants.

*Henry M. Lamberton* and *Brown, Abbott & Somsen,* for respondent.

COLLINS, J.

This appeal is from an order denying defendants' motion for judgment notwithstanding the verdict in favor of the plaintiff, or for a new trial. The case has been in this court once before. 84 Minn. 415, 87 N. W. 1015.

The plaintiff's counsel contend that, from the evidence, it appears that the defendants were negligent in three respects. We need to consider but one of these three claims. It stood admitted at the trial that the defendants furnished nothing but pine boards, eight feet in length and seven-eights of an inch thick, for vertical sheathing on the sides of the trench in which the sewer pipe was to be laid; the specific claim being that these boards were of insufficient thickness to withstand the pressure of the sand behind then , because they were too flexible and yielding, taking into consideration the fact that the trench was ten feet in depth at the point where the accident occurred, and also that the lowest tier of transverse stringers was about twenty-two inches above the ends of the boards, which could not and did not reach to the bottom of the trench, by about two feet. As the pressure increased behind the boards, they deflected inwardly below the stringers, and then the sand commenced to run underneath and into the trench in great quantities. This caused the structure, which was built in the well-known way (with upright sheathing and horizontal stringers, kept in place by cross-braces and jackscrews reaching from one side to the other), to topple and fall. This evidence was sufficient to justify the jury in finding that the master was negligent when he furnished material for sheathing for use at this particular place, and that this negligence was the proximate cause of the death of plaintiff's intestate. The mere fact that this same method of construction had prevailed on the work for several weeks prior to the accident without serious results could not of itself, and conclusively, relieve the defendant of the charge of negligence.

Our views upon this particular claim of negligence render discussion of the other grounds urged by plaintiff's counsel wholly

unnecessary. But a new trial must be had. The charge was extremely long, and properly included a statement of the doctrine of negligence of fellow servants, as applicable to the facts. Finally the court attempted to put the law which should govern the jury "in the shape of a formula"—to use its own language. From this formula, or summing up, all reference to the rule or effect of negligence on the part of fellow servants was entirely omitted. The court failed wholly to refer to it.

To make this summary, which was the gist of the charge, complete, and thereby to put the case clearly and intelligently before the jury, the court should have instructed upon this point. It failed to do so, and, at the conclusion of the charge, counsel for defendant called attention to the omission, and excepted thereto. It does not appear from the record that any attention whatever was paid to counsel's suggestion that the court had omitted to cover a vital point in its formula, unless we assume that the following statement was made after the exception, and with reference to it. Said the court:

"It has been suggested, gentlemen, by one of counsel, that the court said to you that the main point to be determined by you was the question of negligence, on one side, and the contributory negligence of the plaintiff's intestate on the other. Later in the charge I think you were told, also, to consider the question whether any fellow servant of the plaintiff's intestate was guilty of negligence. That should have been stated, perhaps, in the original connection."

If the trial court finally undertakes in its charge concisely to sum up and formulate the law which is to govern the jury in its deliberations, it is its duty to cover every legal question involved, and this was especially true in this instance, for the charge had been unusually lengthy for a case of this character. The court, undoubtedly realizing this, then undertook, through its formula or summary, concisely to state the rules of law applicable to the facts. It failed to include this essential feature, and, when counsel called attention to the omission, it neglected to pay any attention whatever to the exception, unless, as we have stated, the language above quoted had reference to it. But assuming that it had, it was insufficient and inadequate. The defect in summarizing still re-

89 M.—7

mained, and, if anything, was added to by what was said on the point, namely:

"I think you were told, also, to consider the question whether any fellow servant of the plaintiff's intestate was guilty of negligence. That should have been stated, perhaps, in the original connection."

It is very evident that this was insufficient to inform the jury that, if the accident and death were due to the negligence of a fellow servant, there was no liability upon the part of the defendant. And defendant was entitled to have this rule of law made as prominent in the court's formula as any other.

Because of this omission and error in the charge, the order appealed from must be, and is, reversed, and a new trial granted.