MARY KURSTELSKA v. MARK S. JACKSON and Another.[1]

December 2, 1904.

Nos. 14,112—(39).

**Negligence Cause of Death.**

Following the decisions herein upon two former appeals (84 Minn. 415; 89 Minn. 95), the evidence justified the finding that defendants were negligent in failing to furnish suitable material to be used by workmen in the construction of a sewer, and that such negligence was the proximate cause of the death of plaintiff's intestate.

**Charge to Jury.**

The court, in its charge to the jury, erroneously referred in a general way to the duty of the master to furnish a foreman or superintendent known in law as a vice principal. In view of the special findings of the jury, this did not constitute reversible error.

Action in the district court for Winona county by plaintiff as administratrix of the estate of Lorence Kurstelska, deceased, to recover $5,000 for the death of decedent. The case was tried before Snow, J., and a jury, which rendered a general verdict in favor of plaintiff for the sum demanded, and also answered certain special questions submitted by the court, which are set forth in the opinion. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*C. A. Morey* and *Webber & Lees,* for appellants.

*Henry M. Lamberton* and *Brown, Abbott & Somsen,* for respondent.

DOUGLAS, J.

Appeal by defendants from an order of the district court of Winona county denying their blended motion for judgment notwithstanding the verdict, or, said motion failing, for a new trial.

This is the third appeal, after a verdict in each instance in favor of plaintiff. 84 Minn. 415, 87 N. W. 1015; 89 Minn. 95, 93 N. W. 1054. On the first appeal the court held that the evidence was not of so conclusive a character as to require the trial court to direct a verdict against plaintiff. On the second appeal the court held that the evidence was

[1] Reported in 101 N. W. 606.

sufficient to justify the jury in finding that defendants were negligent in failing to furnish proper material to be used by workmen in the construction of a sewer, and that such negligence was the proximate cause of the death of plaintiff's intestate. The case was reversed, however, for errors occurring at the trial.

The evidence herein is practically identical with that presented upon the former appeal. Therefore the facts need not be restated, except that in an immaterial particular this court erred in stating that the boards used for sheathing the sides of the trench in which the sewer pipe was being laid could not reach to the bottom by about two feet. It appears such boards were of sufficient length to reach not only from the solid ground, but from the upper tier of transverse stringers to the bottom of the ditch.

Aside from the general verdict against defendants, the jury found specially: (a) That the collapse of the supporting structure was not caused by a failure to keep the pile sheathing down to the proper depth in the ditch. (b) That such structure gave way by reason of the use of one-inch boards in the sheathing. (c) That plaintiff's intestate did not, and could not by the exercise of ordinary care, know or appreciate the risk incident to the use of such boards.

Following the decision upon this point on the former appeal, we are of the opinion the evidence was sufficient to justify the jury in finding the defendants were negligent in failing to furnish suitable material for use as sheathing, and that such negligence was the proximate cause of the death of plaintiff's intestate. While the evidence is not very satisfactory, it appears the sheathing was but seven-eighths of an inch in thickness, and not sufficiently stable to withstand the pressure without bending inward in the trench far enough to permit a large mass of sand to run under, which in turn of necessity removed the pressure upon the sheathing above, and caused the structure to fall. The jury has twice so found, and we do not feel justified in disturbing the verdict.

It is insisted the court erroneously charged the jury that it is the duty of the master, under certain circumstances, to furnish a superintendent or foreman, known in law as a "vice principal," whose acts in superintending the work must be deemed to be those of the master. Negligence of the master in this regard was not pleaded as constituting an act of negligence. While reference thereto was improper, we are

of the opinion the charge of the court does not constitute reversible error, for the reason that the jury in the special verdict quoted distinctly found that defendants' negligence consisted in furnishing improper materials for use in the pile sheathing. We can say, however, without elaboration, that in its charge the trial court barely referred to the vice principal in a general way, and defined his duties and the duties and responsibilities of the master in this regard. The court did not specifically direct the jury that any particular act or neglect of a vice principal constituted negligence which would warrant a recovery.

We are of the opinion reversible error was not committed either in the charge to the jury or rulings of the trial court, and that the verdict is sustained by the evidence.

Order affirmed.