STATE v. GEORGE NEWMAN.[1]

December 2, 1904.

Nos. 14,157—(26).

**Carnal Knowledge of Child.**

The defendant was convicted of the crime of carnally knowing a female child more than ten but under fourteen years of age. *Held:*

1. The verdict is sustained by the evidence.

2. The trial court did not abuse its discretion in permitting leading questions to the prosecuting witness.

3. An instruction that a reasonable doubt is a doubt for which a good reason can be given is unsound, but not reversible error, when given, as in this case, in connection with other instructions intended to impress upon the jury the distinction between a reasonable doubt and a vague or imaginary one.

Appeal by defendant from an order of the district court for Dakota county, Crosby, J., denying a motion for a new trial, after a trial and conviction of the crime stated in the opinion. Affirmed.

*James R. Hickey* and *Stan. J. Donnelly,* for appellant.

*W. J. Donahower,* Attorney General, *Frederick N. Dickson,* Assistant Attorney General, and *P. H. O'Keefe,* County Attorney, for the State.

START C. J.

The defendant was convicted in the district court of the county of Dakota of the crime of carnally knowing a female child more than ten and under fourteen years of age. He was sentenced to the State Pris-

[1] Reported in 101 N. W. 499.

on on the reformatory plan. This is an appeal from an order denying his motion for a new trial.

1. The first alleged error urged on behalf of the defendant is to the effect that the verdict was not sustained by the evidence, in that there was no proof of penetration—an essential element of the completed offense with which the defendant was charged. Any sexual penetration, however slight, is sufficient to complete the crime, and it may be shown by direct or circumstantial evidence. G. S. 1894, § 6527; State v. Rollins, 80 Minn. 216, 83 N. W. 141. We have given the evidence that careful consideration which the importance of the case demands, and find that the evidence is amply sufficient to sustain the verdict of guilty. The details of the case are not inviting, and we refrain from any discussion or analysis of the evidence. If the testimony of the girl named in the indictment be true—and of this the jury were the judges—the completed offense was committed by the defendant.

2. The further claim is made by defendant's counsel that the trial court erred in permitting leading questions to the prosecuting witness. For some reason not disclosed by the record, she was in some particulars an unwilling witness, and the county attorney was permitted to ask her leading questions. However, very few of them were answered, and we are of the opinion that the trial court did not abuse its discretion in the premises.

3. The only other alleged error meriting special consideration relates to the charge of the court to the jury. The court gave, with others, the following instructions:

> Now, by "reasonable doubt," gentlemen of the jury, is not meant some mere possible or imaginary doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. To remove all reasonable doubt from the minds of jurors, and to warrant a conviction, the evidence must be such as to satisfy the minds and consciences of the jurors of the existence of the facts necessary to be established to constitute the offense to a reasonable and moral certainty, and so convince the jurors that they would venture to act upon that conviction in matters of the highest concern and importance to their own interests. Absolute certainty is not required. If there be that amount and

kind of evidence that will so convince the jury that they would venture to act upon that conviction in matters of the highest concern and importance to their own interest, there is sufficient evidence, under the law, to remove all reasonable doubt and to warrant a conviction. I have given you the definition of "reasonable doubt" as it is ordinarily given. A more concise and perhaps a clearer definition can be formulated than that which is usually given. A reasonable doubt is a doubt for which a good reason can be given.

The defendant assigns as error the giving of the concluding sentence of the instructions, viz., "A reasonable doubt is a doubt for which a good reason can be given."

The meaning of the phrase "a reasonable doubt" is quite self-evident, and it is difficult to make it plainer by any process of abstract reasoning. The trial court in this case fully and accurately instructed the jury as to what is and what is not a reasonable doubt, in language which has been often approved by this and other courts. Dunnell, Minn. Pr. § 2307. The phrase with which the instructions were concluded sounds plausible, and it has been approved by many courts, yet it is unsound, and standing alone, unexplained, it is liable to be misleading. In its last analysis, it means that a juror must convict the defendant, although he may have doubts as to his guilt, unless he can give a good reason for his doubts. Judges make correct decisions, but sometimes give unsound instead of good reasons therefor. So jurors may honestly and legally entertain such doubts as to the guilt of a defendant as to require his acquittal, and yet be wholly unable to give a good reason for their doubts. Surely jurors, in cases where the liberty, perhaps the life, of the citizen is involved, ought not to be held to a higher degree of efficiency than judges are. The instruction complained of, if it alone had been given, would have been reversible error. State v. Sauer, 38 Minn. 438, 38 N. W. 355; Notes to Burt v. State (72 Miss. 408) 48 Am. St. Rep. 574.

But the charge to the jury in this case on the subject of reasonable doubt must be read and considered as a whole. It is apparent from the whole charge that the purpose of the court was to impress upon the jury the distinction between a reasonable doubt and a vague or

imaginary one, and further to emphasize the fact that to remove all reasonable doubt of the defendant's guilt, so as to justify his conviction, the evidence must be such as to satisfy their judgments and their consciences of his guilt to a degree that they would not hesitate to act upon it in matters of the highest concern and importance to themselves. State v. Morey, 25 Ore. 241, 35 Pac. 655, 36 Pac. 573. This is not a case where the trial court, after giving in detail correct instructions, followed them by giving in place thereof an erroneous summary, as was the case of Kurstelska v. Jackson, 89 Minn. 95, 93 N. W. 1054. In this case the superficially pleasing expression, "A reasonable doubt is a doubt for which a good reason can be given," was not given in lieu of what preceded and qualified it. On the contrary, it was given as meaning the same as what had already been said on the subject of reasonable doubt. It is clear from the whole charge that the jury could not have been misled by it. We find no reversible error in the record.

Order affirmed.