## STATE v. WILLIAM F. KEEHN.[1]

December 22, 1916.

Nos. 20,178—(3).

**Criminal law — resisting an officer — conviction sustained by evidence.**

1. The evidence sustains the verdict finding defendant guilty of resisting an officer in the performance of his duties.

**Charge to jury.**

2. There was no error in refusing to give requested instructions or in the charge as given.

Defendant was indicted by the grand jury for the crime of unlawfully, feloniously, wilfully and knowingly resisting an officer in the performance of his duty in serving process upon defendant and his wife, tried before Daly, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Davis & Michel* and *Paul D. Stratton,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *H. P. Bengtson,* County Attorney, for respondent.

[1]Reported in 160 N. W. 666.

Bunn, J.

Defendant was convicted of the crime of resisting an officer in the execution of his duties, and appeals to this court from an order denying a new trial.

The first contention is that the evidence was not sufficient to sustain a verdict of guilty. It disclosed these facts: A petition was filed in the probate court of Yellow Medicine county alleging that a child of defendant was in a dependent, neglected and delinquent condition. The court, acting as a juvenile court, issued a summons and notice to defendant and his wife, requiring them to appear before the court at a stated time and place, produce the child, answer the petition and take part in the examination. This summons was delivered to one Hamre, a deputy sheriff, for service. Hamre went to defendant's house with the papers, knocked at the door and asked for the defendant; defendant came to the door and angrily inquired what the officer had now; the officer said he had some papers from the probate court, whereupon defendant grabbed the papers, threw them on the porch floor, grabbed the officer by the arm, struck him twice and pushed him off the porch. The evidence amply sustains the foregoing statement of the episode that forms the basis of the charge of resisting an officer. The chief claim of defendant is that the service was complete, the duties of the officer fully performed, before defendant made his attack, and hence that there was no violation of the statute, G. S. 1913, § 8538, providing that any person who shall attempt to deter or prevent an officer from performing any duty imposed upon him by law, or who by the use of force or violence resists such officer in the performance of his duties, is guilty of a gross misdemeanor. We are unable to agree with this contention. It seems clear that defendant attempted to prevent the officer from serving the papers, and whether he succeeded is not very material. He also used force and violence in resisting the officer in the performance of his duty. At least the evidence amply justified the jury in so finding, and in refusing to acquit on the plea that the attack was after the officer had completed the performance of his duties.

We find no error in refusing any of the instructions requested by defendant. Insofar as they correctly stated the law, they were covered by the general charge, and there was no error in the instructions as given. It

is not necessary to discuss in detail these requests, or those parts of the charge that covered the subject of the officer's duties, when they were performed, what constituted a service of the papers, and at what time defendant could assault him without being guilty of the crime charged.

Exception is taken to the court's definition of a reasonable doubt as a doubt based upon some reason, "not some purely imaginary, fantastic or chimerical doubt, but a doubt based on reason." State v. Newman, 93 Minn. 393, 101 N. W. 499, is cited to support the claim that this was reversible error. The instruction in the Newman case, which by the way was, considered as a whole, held not reversible error, told the jury that a reasonable doubt was "a doubt for which a good reason can be given." There is a vital difference between a doubt based upon reason, and a doubt for which the one entertaining it can give a good reason. There was no error in the instruction on this subject.

It is claimed that the court erred in not charging the jury that they could convict defendant under G. S. 1913, § 8576, of a simple misdemeanor. This section provides for cases of resisting, or delaying or obstructing an officer in the discharge of his duties in a case or under circumstances "not otherwise specially provided for." The offense of the defendant was clearly provided for by the section for violation of which he was indicted, and it was not error to omit to instruct on the basis that section 8576 applied. Nor can we hold that it was error, in the absence of a request, to instruct on assault in the third degree.

Our conclusion is that the verdict is fully sustained by the evidence, that defendant had a fair trial, and that there was no reversible error.

Affirmed.