R. A. BOUSHOR v. WILLIAM H. KUHLMANN AND
ANOTHER.[1]

November 21, 1924.

No. 24,082.

**Inconsistent special finding controls general verdict.**
   1. A special finding inconsistent with the general verdict controls.

**Special finding consistent with money verdict and does not control it.**
   2. The plaintiff was employed by the defendants as an automobile salesman at an agreed salary. He claims that he was to have in addition to his salary a commission of one per cent upon the autos and accessories sold. The defendants claimed that he was to have such commission on the autos alone, and then only if he remained with them a year. He did not remain a year. It was agreed that a money verdict should be taken upon the question of the recovery of a commission on the autos, the right to recover depending upon whether the commission was conditioned on the plaintiff remaining a year, and the amount not being in controversy; and that the question whether the plaintiff could recover for the accessories be submitted to the jury for a special finding, and, if in favor of the plaintiff, an audit should be had to ascertain the amount. The verdict was for the plaintiff for the commission on the auto sales, and the special finding was to the effect that the contract for commissions did not include the sale of accessories. The finding was not inconsistent with the money verdict, and does not control it.

**Verdict not perverse.**
   3. Nor was the verdict perverse.

Action in the district court for Hennepin county to recover balance due for services. The case was tried before Baldwin, J., and a jury which returned a verdict for $1,920.74. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Joss, Ohman, Fryberger & Parker,* for appellants.
*Eloi Bauers* and *John F. Dahl,* for respondent.

[1] Reported in 200 N. W. 748.

DIBELL, J.

Action to recover for services. There was a verdict for the plaintiff. The defendants appeal from the order denying their motion for new trial.

The plaintiff entered the employ of the defendants as an automobile salesman under an oral contract. All agree that he was to have a salary of $400 a month. The plaintiff claims that in addition he was to have a one per cent commission on the gross amount received from the sale of automobiles and from the sale of accessories. The defendants claim that he was to have the commission on the sale of automobiles alone, and then only in the event that he remained in their service for a year. He did not remain a year.

The jury found a verdict for the plaintiff in the sum of $1,920.74. This is the amount which he should receive if he was entitled to one per cent on automobiles sold. Whether he should receive anything on the sale of accessories was not determined by the money verdict. The parties agreed at the trial that the question whether the contract provided for a commission of one per cent on accessories should be submitted to the jury for a special finding, and if the jury found for the plaintiff there should be an audit to determine the amount of the recovery. The jury answered the question in the negative.

1. A special finding inconsistent with the general verdict controls and the court gives judgment accordingly. G. S. 1913, § 7808; Kurstelska v. Jackson, 84 Minn. 415, 87 N. W. 1015; Roe v. Winston, 86 Minn. 77, 90 N. W. 122; Maceman v. Equitable Life Assn. Soc. 69 Minn. 285, 72 N. W. 111.

2. The defendants claim that the special finding is inconsistent with the money verdict. There was really no general verdict. The parties limited the money verdict, the amount not being in dispute, to a determination whether the plaintiff was entitled to recover a commission on automobiles sold if he did not remain with the defendants a year; that is, whether the percentage compensation was conditional upon the plaintiff remaining a year. Whether the plaintiff was entitled to a commission on the accessories was to be determined by the special question submitted. If determined in the

plaintiff's favor there was to be a later ascertainment of the amount. What the jury determined by the verdict, and the negative answer to the question submitted, was this: That in addition to his agreed salary the plaintiff was to have one per cent commission on the automobiles; that he was not to have one per cent on the accessories; and that the agreement for commission on the automobiles was not conditional on his remaining in the defendant's service a year. The special finding was not inconsistent with the money verdict and did not control.

3. Nor was the verdict preverse. After some deliberation the jury returned and inquired of the court whether it might find less than the one per cent commission on the autos sold if it found for the plaintiff. The court correctly instructed in the negative. If the verdict of the jury had been less than the amount which concededly he should recover, if he recovered at all, it would have been preverse. Willett v. Seerup, 151 Minn. 105, 186 N. W. 225; Siverts v. Dahoot, 150 Minn. 179, 184 N. W. 839; Alden v. Sacramento, S. F. L. Co. 137 Minn. 161, 163 N. W. 133. Upon this point the most that can be said in the plaintiff's favor is that the jury might have returned a perverse verdict if it had been permitted to do so.

Order affirmed.