## STATE v. J. COOPE.[1]

May 1, 1925.

No. 24,597.

**Conviction for making intoxicating liquor not sustained by evidence.**

Defendant and his family occupied the lower floor of a dwelling. He denied use or occupancy, as tenant or otherwise, of the second floor. There was no direct or satisfactory proof in contradiction. There was some evidence that strangers were using the upper story. *Held* that the mere finding of an operating still and several barrels of mash in the second story rooms is insufficient to support defendant's conviction of the illicit manufacture of intoxicating liquor.

1. See Intoxicating Liquors, 33 C. J. 758, § 502.

Defendant was charged in the municipal court of Minneapolis with manufacturing intoxicating liquor and tried before Nordbye, J., who found him guilty. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Ginsberg & Rigler*, for appellant.

*Neil M. Cronin*, City Attorney, and *Arthur P. Jensen*, Assistant City Attorney, for respondent.

[1]Reported in 203 N. W. 595.

STONE, J.

Defendant appeals from an order denying him a new trial after conviction of the manufacture of intoxicating liquor in violation of an ordinance of Minneapolis.

Defendant and his family, consisting of his wife and eight children, occupied the dwelling in question for some 14 months. The only evidence of guilt is the finding of a 150 gallon still, in operation, and some 30 barrels of mash in the two rooms comprising the second story of the house. There was no direct or satisfactory proof to the contrary and defendant denied ownership of any interest in the still and appurtenances and also denied use or occupancy, as a lessor or otherwise, of the second story rooms.

The testimony of defendant is unsatisfactory and the position of the trial court conducive to a much more accurate appraisal than any we can make. However, we are constrained to reverse because the burden of proof was upon the prosecution and we consider its evidence insufficient to overcome the presumption of innocence. There was evidence for defendant that strangers occupied and were using the second story rooms. In the basement were two gas meters, but no proof of a connection of either of them with the upper floor. A door at the downstairs end of an interior stairway leading to the second floor had been nailed shut and a barrel of mash was found against it on the stairway side. During defendant's occupancy, an outside stairway had been added, he claims, by the owner and for the use of the tenants of the second story.

The owner of the premises was not used as a witness nor even identified. Defendant testified that he rented from a barber whereas the evidence of the prosecution, of a loose and hearsay character, indicated that the lessor was a woman. It is obvious, therefore, that there was no proof that the rooms containing the contraband articles were in the possession or control of the defendant. Hence it is not a case for the application of the rule that when liquor is found on the premises or in the physical possession of a person who claims that it was without his knowledge, the question arises, in the absence of controlling evidence contra, as to whether he knowingly possessed or had control of the illicit goods. That rule is well

considered in State v. Schuck (N. D.) 201 N. W. 342. It does not apply here because there is no proof of defendant's possession or control, conscious or otherwise, of the illicit articles or the premises where they were found.

We consider that the interests of justice and the rights of defendant require a new trial. If he is guilty, there is lacking much of the easily available evidence to that effect. More of it ought to be adduced before the man is deprived of his liberty.

Order reversed.