## STATE v. MARK WHITMAN.[1]

July 23, 1926.

No. 25,539.

**New trial granted because of erroneous instruction to jury.**

A definition of the term "reasonable doubt," as contained in G. S. 1923, § 9952, which states it to be "a doubt for which a reasonable, sensible person could give a good reason, which reason must be based upon the evidence or want of evidence; such doubt as a sensible person would act upon or decline to act upon in his own affairs;" is *held* prejudicial; and in view of the uncertainty upon which of two occasions the verdict is based there should be a new trial.

Criminal Law, 17 C. J. p. 347 n. 74.

See 8 R. C. L. p. 220; 4 R. C. L. Supp. p. 538.

Defendant appealed from a judgment of the district court for Carlton county, Grannis, J., convicting him of the crime of carnal knowledge of a female child. Reversed and new trial granted.

*Jenswold, Jenswold & Dahle,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Victor J. Michaelson,* County Attorney, for respondent.

HOLT, J.

Defendant was convicted of the crime of carnal knowledge. He appeals from the judgment, entered after his motion for a new trial was denied.

There are numerous assignments of error, most of which need not be considered in view of the conclusion that there must be a new trial for error in the instructions to the jury.

It is contended that the evidence is insufficient. For the reason just stated, it would serve no useful purpose to discuss or analyze the testimony. It is enough to point out that some misgiving as

[1] Reported in 210 N. W. 12.

to the justice of the verdict arises from the fact that incidentally it appeared from the testimony of the prosecutrix that she was assaulted upon each of the two occasions she was at defendant's home to care for his child, while his wife attended a card party. The one time was in the latter part of May after the public schools were closed, and the first about two weeks prior. Defendant proved clearly that the schools closed that year on May 29, and that the card party took place June 2. His alibi at that time seems well-nigh conclusive. No effort was made by defendant's attorney to have the state elect on which occasion to rely for conviction, and the court charged the jury that time was immaterial so long as it occurred within the statutory limitation. If the alibi was established, the prosecutrix could not have truly testified as to there being two assaults. So that in any way the evidence may be looked at in connection with the charge, there must be some doubt and uncertainty as to whether all the jurors united in fixing upon the same occasion as the one on which the crime of which he was found guilty was committed.

The above considerations impel a closer scrutiny of the instructions to the jury than would be the case where guilt clearly appears from the evidence. The law provides that "every defendant in a criminal action is presumed innocent until the contrary is proved, and in case of a reasonable doubt is entitled to acquittal." G. S. 1923, § 9952. We have said that the words "beyond a reasonable doubt" might well be left without further definition. They convey a sufficiently simple and clear meaning to the ordinary juror. State v. Staley, 14 Minn. 75 (105); State v. Sauer, 38 Minn. 438, 38 N. W. 355; State v. Newman, 93 Minn. 393, 101 N. W. 499. But, when there is an attempt to give the jury a clearer meaning of the statute, it is important that the rights thereby assured to the accused be not diminished or impaired.

The charge of the learned trial court was fair to defendant, incorporated all the requested instructions to which he was entitled, and was accurate with the exception of the attempt to elucidate the meaning of the term "reasonable doubt" in the statute quoted. Upon

this point the charge was: " 'By reasonable doubt,' the term which I have used several times, you will understand that the court does not mean a [fanciful] conjecture which an imaginative person may conjure up—and this is enlarging somewhat on a question the court has touched on somewhat * * * heretofore— but a doubt which reasonably flows from the evidence or want of evidence and a doubt for which a reasonable, sensible person could give a good reason, which reason must be based upon the evidence or want of evidence; such doubt as a sensible person would act upon or decline to act upon in his own affairs." In State v. Sauer, supra, the court was not prepared to hold that there was prejudicial error in an instruction defining reasonable doubt, as a "doubt for which you can give a reason." but the definition was criticised, Justice Mitchell saying:

"Like many other definitions of the term which have been given, it does not define, but itself requires definition. The most serious objection to it is that it is liable to be understood as meaning a doubt for which a juror could express or state a reason in words. A juror may, after a consideration and comparison of all the evidence, feel a reasonable doubt as to the guilt of a defendant, and yet find it difficult to state the reason for the doubt. * * * Where any explanation of what is meant by a reasonable doubt is required, it is safer to adopt some definition which has already received the general · approval of the authorities, especially those in our own state."

The statement that "a reasonable doubt is a doubt for which a good reason can be given," was condemned in State v. Newman, supra, but was held not to reverse because it was the concluding sentence to a very full and fair definition containing the clause that the evidence must be such as to so convince the jury "that they would venture * * * to act upon it in matters of the highest concern and importance" to their own interest. State v. Keehan, 135 Minn. 211, 160 N. W. 666. In the case at bar the above approved thought was minimized against defendant, so that if the jurors felt that the evidence was of such quality and quantity that

they could act upon the same in any affair of their own, no matter how trivial, it would be sufficient under the law to convict.

In the interest of justice we deem a new trial necessary for the error in the charge pointed out, and because of the uncertainty as to which one of the two alleged wrongful acts was the one upon which the conviction was had.

The judgment is reversed and a new trial granted.