## STATE v. CARL UMLAUF.[1]

December 31, 1926.

No. 25,840.

**Conviction reversed for failure to prove liquor was potable as a beverage.**
1. A conviction of a person charged with the illegal transportation of intoxicating liquor cannot be sustained in the absence of evidence from which the jury may find beyond a reasonable doubt that the liquor was potable as a beverage.

**Testimony of any competent witness sufficient to prove its intoxicating quality and its potability.**
2. A chemical analysis of the liquor is not essential to determine its potability. The testimony of any witness competent to speak on the subject may be sufficient proof of the intoxicating quality of the liquor and of its potability as a beverage.

Intoxicating Liquors, 33 C. J. p. 739 n. 26; p. 774 n. 12 New; p. 775 n. 34; p. 776 n. 55 New.

Defendant appealed from a judgment of the district court for Otter Tail county, Parsons, J., convicting him of the crime of transporting intoxicating liquor. Reversed.

*Lewis E. Jones*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Leonard Eriksson*, County Attorney, for the state.

Lees, C.

The defendant was convicted of the crime of transporting intoxicating liquor, and appealed from the judgment.

Passing by everything else discussed in the brief and argument in defendant's behalf, we go directly to one point upon which defendant relies, viz: That the state failed to prove that the liquor defendant is charging with having transported was potable as a beverage.

[1]Reported in 211 N. W. 475.

The transportation of intoxicating liquor of any kind in any quantity is prohibited by statute, but the prohibition does not embrace either methyl alcohol or denatured alcohol. G. S. 1923, § 3201. The first portion of § 3200, G. S. 1923, reads:

"Wherever used in this act the terms 'intoxicating liquor' and 'liquor' shall include and mean ethyl alcohol and any distilled, fermented, spirituous, vinous or malt liquor or liquid of any kind potable as a beverage whenever any of said liquors or liquids contain one-half of one per cent or more of alcohol by volume; and shall also include and mean any liquor or liquid of any kind potable as a beverage which is in fact intoxicating. In any action or proceeding under this act, civil or criminal, the fact that any such liquor or liquid which is potable as a beverage will, when drunk, produce an intoxicating effect, shall when established, be proof that such liquor or liquid contains one-half of one per cent or more of alcohol by volume and is intoxicating within the meaning of this act."

We have held that evidence showing that liquor was potable and intoxicating is sufficient to sustain a verdict convicting the defendant of keeping a place where intoxicating liquor was sold contrary to a city ordinance, City of Duluth v. Nordin, 166 Minn. 466, 208 N. W. 189; that evidence showing that defendant sold alcohol and that it was potable as a beverage will support a conviction upon a charge of selling intoxicating liquor, State v. Miller, 166 Minn. 116, 207 N. W. 19; that an information charging the defendant with a sale of "intoxicating liquor for beverage purposes" imports that the liquor was potable as a beverage and that the testimony of a witness who drank some of the liquor and knew that it contained alcohol and was intoxicating is sufficient to sustain a conviction for an unlawful sale, State v. Ruddy, 160 Minn. 435, 200 N. W. 631; that, in an indictment charging defendant with dealing in intoxicating liquor, an allegation that the liquor was potable as a beverage is not indispensable, State v. Brown, 151 Minn. 340, 186 N. W. 946; that, in a prosecution under an ordinance prohibiting possession of intoxicating liquor for sale, proof that the liquor was "moonshine" was sufficient proof that the liquor was an intoxicating beverage,

State v. Tremont, 160 Minn. 314, 200 N. W. 93; and that the state need not negative in the indictment or information, or establish by its proofs, that the liquor was of such a nature that under the circumstances the prohibition law did not apply. State v. McLean, 157 Minn. 359, 196 N. W. 278; State v. LaDue, 164 Minn. 499, 205 N. W. 450.

None of these decisions hold that in a prosecution for an alleged violation of G. S. 1923, § 3201, the state need not prove that the liquor in question was potable. On the contrary, they fairly point to the conclusion that it is an essential element of the offense against which the statute is aimed that the liquor was of a kind which could be used for beverage purposes.

It is not necessary to have the liquor analyzed by a chemist to prove that it is intoxicating or that it is potable. Proof of the potability and intoxicating quality of the liquor may be supplied by the testimony of anyone competent to speak on the subject.

In the instant case, to supply the required proof, a man who ran a grain elevator was called as a witness. The trial commenced on June 12, 1926. The witness testified that on May 21, 1925, he saw a can containing a liquid at Evander's drug store and restaurant in the village of Underwood; that the can produced at the trial and introduced in evidence appeared to be the one which had been seized. While the trial was in progress the witness tasted and smelled the liquid contents of the can. Asked what the liquid was, he answered: "Alcohol." On cross-examination, he testified that he did not know whether or not it was "body-rub" alcohol, or whether it contained formaldehyde or carbolic acid, and that "body-rub" alcohol was of the same color and smell as the liquid contained in the can. Another witness testified that the can taken from Evander's store was brought to that place immediately before it was seized and that it was carried into the store from a car driven by defendant.

It is a matter of common knowledge that alcohol is an intoxicant but not every kind of alcohol is potable as a beverage. The statute refers to methyl alcohol and denatured alcohol and draws a distinction between them and ethyl alcohol, which is potable as a beverage. The Eighteenth Amendment to the Federal Constitution

prohibits the manufacture, sale and transportation of intoxicating liquor *for beverage purposes.* Our statute is modeled on the Federal Prohibition Act. See Lambert v. Yellowley, — U. S. —, 47 Sup. Ct. 210, 71 L. ed. 240. The evil aimed at is the manufacture, sale and transportation of liquor which is intoxicating and which can be used as a beverage, hence to convict a man of a violation of our statute the state must produce proof which will satisfy the jury beyond a reasonable doubt that the liquor possessed the latter quality. The potability of the liquor involved in the instant case was not proved with a sufficient degree of certainty to sustain the conviction of the defendant.

As was said in State v. Coope, 163 Minn. 160, 203 N. W. 595, we consider "that the interests of justice and the rights of defendant require a new trial." It will not be difficult to prove that the liquor in question is potable as a beverage if such is the fact, and evidence to that effect must be produced before the state can ask for a verdict.

The judgment is reversed and a new trial granted.