## STATE v. JOHN BRANDT.[1]

May 27, 1927.

No. 25,998.

**Conviction for making intoxicating liquor set aside.**

    A conviction for the offense of manufacturing intoxicating liquor to be used as a beverage cannot be sustained where there is no evidence that the liquor is either intoxicating or potable as a beverage.

Intoxicating Liquors, 33 C. J. p. 758 n. 80.

[1]Reported in 214 N. W. 60.

Defendant appealed from a judgment of the district court for Kanabec county, Stolberg, J. Reversed and new trial granted.

*Francis Muekel,* for appellant.

*Clifford L. Hilton,* Attorney General, and *George L. Angstman,* County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of the crime of unlawfully manufacturing intoxicating liquor containing more than one-half of one per cent of alcohol to be used as a beverage, and appeals from the judgment.

Defendant contends that the verdict is not sustained by the evidence.

Early in the morning of December 1, 1925, the sheriff made a search of defendant's premises under a search warrant. He found a quart bottle or mason jar about a third full of liquor standing on the table. Sometime later a little of it was poured into a spoon and it burned when lighted with a match. This is the only evidence as to the nature of this liquid. There is no evidence that it was intoxicating or contained alcohol or was drinkable. He found a jar about half full of what he termed mash in the loft. It contained barley, raisins, sliced oranges and a yellowish liquid, and smelled as if fermenting and was somewhat warm. This is the only information given as to the nature of the contents of this jar. He found a milk can near the kitchen door containing a liquid which smelled as if fermenting. Nothing further is shown concerning the nature of this liquid. He found an empty still in a shed used as a garage. So far as appears it was not in use. No tests of any sort, by tasting or otherwise, were made of any of the liquids found on the premises, save touching a match to a portion of the contents of the mason jar as previously stated. There is no evidence that any of these liquids were intoxicating, or contained alcohol, or were drinkable, or were known as any of the various sorts of intoxicating liquor, or were in process of being manufactured into intoxicating liquor.

The prosecution argues that the conviction can be sustained under State v. Denner, 159 Minn. 189, 198 N. W. 430. But the evidence falls far short of bringing this case within the rule applied in that case, for there it was shown that the so-called mash contained a large quantity of ethyl alcohol and was potable as a beverage, and the court merely held that the offense was committed although the process of manufacturing the liquor had not been fully completed. Here there was no attempt to show that the liquids were either intoxicating or capable of being used as a beverage. To sustain a conviction there must be evidence of some sort from which a jury can legitimately find that the defendant was engaged in manufacturing a liquor which would be intoxicating and potable as a beverage. State v. Umlauf, 169 Minn. 422, 211 N. W. 475. As a misconception seems to have arisen concerning the ruling in the Umlauf case, it may not be amiss to say that that case merely held that a conviction for transporting intoxicating liquor potable as a beverage could not be sustained where the only evidence as to the nature of the liquor was the testimony of a witness who pronounced it alcohol but said, in substance, that he did not know whether it was the kind of alcohol which was drinkable or the kind which was not drinkable.

The judgment appealed from is reversed and a new trial granted.