## STATE v. TOBIAS BAILEY.[1]

May 24, 1929.

No. 27,323.

*Roger L. Dell,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John L. Townley, Jr.* County Attorney, for the state.

HILTON, J.

Appeal by defendant from a judgment of conviction and from an order denying his motion for a new trial.

Upon an information, duly filed, defendant was convicted of the statutory crime of selling intoxicating liquor, potable as a beverage.

Two detectives, employed by the sheriff of Otter Tail county as investigators and under-cover men, testified that on March 20, 1928, at the village of Dent in said county the defendant sold and delivered to one of them (Franz) a pint bottle of moonshine whisky

[1]Reported in 225 N. W. 431.

for $1.50. Both witnesses testified to the circumstances surround-ing the sale and that shortly thereafter each of them took a good drink of the contents of the bottle. The potability of the liquor was thus established by the testimony of these witnesses; it was drink-able. After giving evidence sufficiently showing their qualifications from experience so to do, they testified that it was intoxicating. The liquor was at other times during the trial referred to as moon-shine, the witnesses stating that it was thus known and called in common parlance. The bottle in question with the remaining contents was introduced and received in evidence. Franz also testi-fied that on March 17, 1928, he purchased a like bottle of moonshine from the defendant which was likewise tested and later introduced as an exhibit.

The defendant denied his guilt and introduced evidence of good reputation. The credibility of the witnesses testifying for the state was attacked not only on account of the occupation in which they were engaged but for other reasons. The question of their credibil-ity was for the jury. There was abundant evidence, if believed, to warrant a conviction, and the assignment that the verdict is not justified by the evidence is not well taken.

A remark made by the court early in the progress of the trial, to the effect that the showing that a liquor was moonshine was all that was necessary for the reason that the court would take judicial notice that it was intoxicating and potable as a beverage, is criti-cized. The word "potable" means drinkable. Prior to that com-ment the testimony had shown that the liquor was moonshine; that it was drinkable and that two witnesses had partaken thereof. No objection to this statement was made at the time. The court clearly stated in its charge that the state must prove that the intoxicating liquor was potable and, at length, explained the meaning of the word. We find no merit in the claimed error. The court takes judicial notice of the fact that moonshine, as the term is used in common parlance, is an intoxicating beverage containing more alcohol than is legally permitted. State v. Tremont, 160 Minn. 314, 200 N. W. 93; Jakula v. Starkey, 161 Minn. 58, 200 N. W. 811; State v. Umlauf, 169 Minn. 422, 211 N. W. 475.

The only other assignments of error requiring attention have to do with the charge (by Judge Gunderson) to the jury. It was unnecessarily long. Taken as a whole it was correct, although it is possible, by selecting isolated portions thereof, to find statements which might be subject to criticism. Time and again in the charge the court made the necessary and proper statements of the law; any not accurately made were undoubtedly due to inadvertence and were not called to the attention of the court. Had attention been called thereto, it would likely have resulted in a reiteration of previous correct statements. Mention need only be made of one claimed misstatement. During the charge relative to reasonable doubt it was stated:

"But it must be simply such a doubt as you as reasonable individuals can give a reason for. You say you doubt a certain thing and I say, 'Can you give a reason for your doubt?' 'Yes, I can.' Well, now, if you can give a reason for your doubt then you have a reasonable doubt."

However, immediately following this statement, the court at some length gave a definition of reasonable doubt which defendant concedes was proper. Chief Justice Start, in State v. Newman, 93 Minn. 393, 101 N. W. 499, in commenting upon a charge in which it was stated "a reasonable doubt is a doubt for which a good reason can be given," criticized it as unsound. He stated that "the instruction complained of, if it alone had been given, would have been reversible error." It was not there considered fatal because the jury could not have been misled by it. See also State v. Keehn, 135 Minn. 211, 160 N. W. 666; State v. Whitman, 168 Minn. 305, 210 N. W. 12.

We conclude from a careful examination of the whole charge that the jury was not misled and the defendant was not prejudiced thereby. The conviction must stand.

Affirmed.