## STATE v. BARNEY BOWERS.[1]

December 6, 1929.

No. 27,592.

[1]Reported in 228 N. W. 164.

*Eriksson & Zumwinkle,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John L. Townley, Jr.* County Attorney, for the state.

OLSEN, C.

Defendant was convicted of assault in the second degree and appeals from an order denying his motion for a new trial.

The charge was that defendant did wilfully, wrongfully and feloniously inflict grievous bodily harm upon Helen B. Satter, by striking, beating, pinching and otherwise bruising and assaulting her upon her head, arms and body, without a weapon and under circumstances not amounting to an assault in the first degree.

It is urged that the evidence is insufficient to show that the injury complained of was wilfully inflicted by the defendant; that there was any intent to harm the young woman. The statute defining the offense, G. S. 1923 (2 Mason, 1927) § 10098(3), does not require any specific intent or any other intent than that the injury be wilfully done. It does not require a specific intent to inflict grievous bodily harm. State v. Damuth, 135 Minn. 76, 160 N. W.

196. The most common definition of the word "wilfully," as used in a penal statute, is that it means with a bad purpose or an evil intent. The definition given in cases cited by appellant, that the word means with evil intent or legal malice or without reasonable grounds for believing the act to be lawful, is even more favorable to the state. Where one person wrongfully and intentionally assaults and inflicts bodily harm upon another, the evil intent is apparent from the act itself, and further proof of intent is not necessary.

■ In proving the acts constituting the assault and the statements made by the defendant in connection therewith, the evidence had some tendency to show that defendant may have intended to commit an indecent assault or some sexual crime. The evidence received was a part of the res gestae, properly admissible to prove the assault charged. The fact that the evidence may have tended to show that defendant was also guilty of a different crime did not affect its admissibility. Neither did such evidence constitute any variance from the issue presented by the information. The general rule is that acts or words which are part of the res gestae are always admissible, even though they may show the commission by defendant of another crime or other crimes. 16 C. J. p. 574. The court clearly informed the jury as to the particular crime charged in the information and expressly charged that they could not convict of any other crime. We find no prejudicial errors in the reception of evidence.

■ The serious question on the evidence is whether it was sufficient to justify the jury in finding beyond a reasonable doubt that the injury inflicted on the young woman constituted grievous bodily harm. The word "grievous" has been defined as meaning: causing grief or sorrow; painful; afflictive; hard to bear; offensive; harmful. As used in this penal statute, the words "grievous bodily harm" mean an injury of a graver and more serious character than an ordinary battery or assault in the third degree. The injury complained of consisted of bruises and marks on complainant's wrist and elbow and a bruise or cut on her forehead, causing discolorations which remained for some three weeks. The wound on

the forehead was from half an inch to an inch long and a scab formed over it. It resulted in a scar which could be observed at the time of the trial, a little over a year after the injury. There was a severe struggle, and complainant suffered pain and headaches for two weeks or more. What is grievous bodily harm is ordinarily a jury question. State v. Gaularpp, 144 Minn. 86, 174 N. W. 445. The court clearly submitted the question to the jury and permitted them to find defendant guilty of assault in either the second or third degree. We conclude that there was evidence sufficient to justify the jury in finding assault in the second degree. Taking the evidence as a whole, it sufficiently sustains the verdict.

■ Errors are assigned upon the refusal of the court to give defendant's requested instructions. So far as correct and applicable to the facts in the case, these requests were sufficiently covered by the general charge, and we find no errors here.

■ Many portions of the charge are assigned as errors. Taking the charge as a whole, it fully and clearly submitted the issues of fact to the jury and was as fair and favorable to the defendant as he could ask. The only objection to the charge requiring consideration is one to the part thereof dealing with the definition of the words "reasonable doubt." The court had clearly instructed the jury that the defendant was presumed to be innocent until the state proved him guilty beyond a reasonable doubt. It had called attention to the difference between the degree of proof required in criminal cases and that required in civil actions; that in civil actions a fair preponderance of the evidence was all that was required, but that in criminal cases "it is up to the state to prove that he is guilty to your satisfaction beyond a reasonable doubt." In further attempting to define "reasonable doubt" the court two or three times used the expression that "it is such a doubt as you can give a reason for." In one place it is stated that courts sometimes defined it in this way: "A reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence." No exception was taken to this part of the charge at the time. Counsel for defendant made a request for an additional cautionary instruc-

tion and for a further instruction as to conviction for an assault in the third degree. The additional instructions were then given. In making his request for such instructions counsel said, among other things:

"And immediately before the court began the discussion of the verdicts, as I recall the court's instruction, it was to the effect that if there is any reasonable doubt left in the minds of the jurors or any of them as to the crime charged or any essential ingredient thereof, it was their duty to acquit, which is right."

The claimed error in the charge was first presented in defendant's motion for a new trial. The definition of "reasonable doubt" as a doubt for which you can give a reason is generally held not a correct definition. A juror, after hearing the evidence, arguments of counsel, and charge of the court, may have a reasonable doubt of the defendant's guilt and yet be unable to give or state his reason therefor. The question has been before this court in a number of cases. State v. Sauer, 38 Minn. 438, 38 N. W. 355; State v. Newman, 93 Minn. 393, 101 N. W. 499; State v. Keehn, 135 Minn. 211, 160 N. W. 666; State v. Whitman, 168 Minn. 305, 210 N. W. 12; State v. Bailey, 177 Minn. 500, 225 N. W. 431. While the definition has been criticized and held erroneous, its use has not ordinarily resulted in a reversal. In State v. Whitman, 168 Minn. 305, 210 N. W. 12, this error in the charge in connection with uncertainty as to the justice of the verdict was held sufficient grounds for a new trial. In the other cases, similar statements in the charge were held not reversible errors. The charge in State v. Bailey, 177 Minn. 500, 225 N. W. 431, given by this same judge, was very similar to the charge in the present case on this subject. Here, as there, a careful consideration of the entire charge leads to the conclusion that the jury was not misled and defendant not prejudiced.

All errors presented and urged have been given careful consideration.

Order affirmed.