STATE OF MISSOURI, Respondent, v. EDGAR SPRADLIN, Appellant, No. 43446—254 S. W. (2d) 660.

Division Two, February 9, 1953.

*Don Pierce* for appellant.

*J. E. Taylor,* Attorney General, and *A. Bertram Elam,* Assistant Attorney General, for respondent.

942

 WESTHUES, C.—Appellant, Edgar Spradlin, was found guilty in the Circuit Court of Buchanan County, Missouri, of an assault with intent to kill with malice aforethought and sentenced to imprisonment in the penitentiary for a term of ten years. He filed a motion for new trial which was overruled. An appeal was taken from the judgment.

Appellant filed no brief so we take the assignments of error in the motion for new trial to determine whether the judgment should be affirmed or reversed and the case remanded for new trial.

One assignment in the motion states that the evidence was insufficient to sustain the charge. Only two witnesses testified for the State. Appellant did not testify nor did he offer any evidence in his defense.

 The prosecuting witness, Mrs. Mary Fisher, testified that at the time of the alleged assault she was seventy years old; that on September 3, 1951, she went to church about 8:00 P.M.; that appellant was in attendance at the service and created a disturbance; that he was asked to leave which he did. Her testimony was that when she was on her way home she saw appellant and that he followed her. She testified that she told appellant not to follow her and when he persisted, she ran, whereupon appellant struck her, knocking her to the ground; that he then dragged her into an alley about thirty feet or so from the sidewalk. She stated appellant struck her a number of times with his fist, forced her face into the dirt, pushed her hair into her mouth, and choked her; that he continued to choke and mistreat her until a police officer came to her rescue.

A police officer testified he found Mrs. Fisher lying on the ground and appellant [661] near her; that a purse and a set of false teeth belonging to the prosecuting witness were found nearby. The officer described the condition of prosecutrix as follows:

"She was bleeding in the face. Her eye, left I believe, was swollen. Her mouth was full of dirt and hair was down over her face. She washed her mouth out at the station before she was able to talk."

The evidence shows the assault was deliberate and serious. The injuries inflicted and the circumstances of the assault justified a jury's finding that the assault was made intentionally and with malice. The verdict was amply supported by evidence. 6 C.J.S. 936, Sec. 79; State v. Bowers, 178 Minn. 589, 228 N. W. 164; State v. Hefner, 199 N.C. 778, 155 S.E. 879; State v. Null, 355 Mo. 1034, 199 S.W. (2d) 639; State v. Watson, 356 Mo. 590, 202 S.W. (2d) 784; State v. Ruck, 194 Mo. 416, 92 S.W. 706. l.c. 709, 710.

■ Next, appellant assigned error on the part of the trial court in failing to instruct on common assault. The evidence in this case did not justify an instruction on common assault. Appellant says in his motion for new trial that the assault was made with hands and fists and, therefore, it constituted common assault. The authorities cited supra hold otherwise. The victim sustained serious injuries. If it had not been for the arrival of the police officer, appellant might have continued his assault and choking until the victim died. Such an inference was justified. Note that the use of a deadly weapon is not essential under the statute. The section reads as follows (Sec. 559.180, RSMo, 1949):

"Assault with intent to kill.—Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, *or by any other means or force likely to produce death or great bodily harm,* with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years." (Emphasis ours)

■ Appellant also complains of the instructions. In the motion he says that instruction No. 5 gave the jury a roving commission to determine the facts constituting the assault with intent to kill with malice aforethought. We see no merit in this contention. The instruction reads in part as follows:

"The court instructs the jury that if they find and believe from the evidence, beyond a reasonable doubt, that at the County of Buchanan, State of Missouri, on or about the 3rd day of September, 1951, the defendant EDGAR SPRADLIN on purpose and of his malice aforethought did make an assault with his hands and fists and with force likely to produce death or great bodily harm and with the intent to kill in and upon one Mary F. Fisher, and the said Edgar Spradlin did then and there feloniously, on purpose and of his malice aforethought did strike, beat, choke and wound with intent then and there the said Mary F. Fisher feloniously and on purpose and of his malice aforethought to kill and murder, or do great bodily harm, then in that event you will find the defendant guilty of assault with intent to kill and assess his punishment at imprisonment in the state penitentiary for any term not less than two (2) years."

The instruction also defined the words "on purpose," "malice," "aforethought," "felonious," and "wilfully." The instruction required the jury to find all of the elements of the offense as defined in Sec. 559.180, supra, before authorizing a conviction. The instruction was sufficient. State v. Miller, 93 Mo. 263, 6 S. W. 57; State v. Caviness, 326 Mo. 992, 33 S.W. (2d) 940, l.c. 942, 943 (4)(5).

By instruction No. 6 the court authorized the jury upon the finding of certain facts therein stated to find the defendant guilty of felonious assault without malice aforethought. Appellant made the same **[662]** complaint with reference to this instruction that he did to instruction No. 5. What we have said with reference to instruction No. 5 disposes of this point.

During the argument to the jury, the prosecuting attorney stated "and what's on his side of the scale—empty." Defendant says that the statement constituted a comment on the defendant's failure to testify. The record does not show any other statement in connection with the above. Nor does it show what objection was made. The bare statement as above set forth does not demonstrate that the prosecutor intended to call attention to the fact that the defendant did not testify. State v. McKeever, 339 Mo. 1066, 101 S.W. (2d) 22, l.c. 32 (29-33).

Defendant says further that the verdict was the result of passion and prejudice on the part of the jury. This assignment is not supported by the record.

Since we find no error in the record, the judgment is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by *Westhues, C.,* is adopted as the opinion of the court. All the judges concur.