**STATE of Iowa, Appellee,**

v.

**Lawrence L. NOBLE, Appellant.**

**No. I–56052.**

Supreme Court of Iowa.

Feb. 20, 1974.

Albert Harvey, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and John P. Crouch, Asst. Polk County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REES and UHLENHOPP, JJ.

LeGRAND, Justice.

This appeal involves two separate charges of assault and battery arising out of a fight which occurred on a common driveway between defendant's home and that of his neighbor, Max Street. Following trial in municipal court without a jury, defendant was found guilty and was sentenced to pay a fine of $25.00 or serve five days in jail on each conviction. He appeals from that judgment and we reverse.

We are convinced defendant did not have a fair trial for the reasons hereafter set out. Under such circumstances, we are obligated under section 793.18, The Code, to order a new trial. We do so here.

State v. Levy, 160 N.W.2d 460, 467, 32 A. L.R.3d 893, 902 (Iowa 1968); State v. Olson, 260 Iowa 311, 317, 149 N.W.2d 132, 136 (1967).

The fight which led to these proceedings occurred while a group of Des Moines policemen and their families were gathered at the home of Max Street, also a policeman, to enjoy a barbeque. A dispute arose over the use of the driveway by a young man visiting defendant's home. The original argument led to stronger verbal abuse, which in turn terminated in physical violence.

Following the fracas, defendant filed assault and battery charges against two of the officers. Upon trial in justice of the peace court in Delaware Township, Polk County, these charges were dismissed. Then two of the other police officers, William Burress and Mike Walker, filed informations in the same justice of peace court charging defendant with assault with intent to commit great bodily injury. (Section 694.6, The Code.) Civil suits were also started, seeking damages for injuries inflicted during the fight.

Defendant filed a motion for change of venue from the justice of peace court. The motion was granted, and the cases were transferred to the municipal court of Des Moines. Preliminary hearing was set for November 10, 1972. However, several continuances were granted at the state's request.

When the matter came up for preliminary hearing on December 12, 1972, the state orally moved to reduce the charges from assault with intent to do great bodily injury (a felony) to one of assault and battery, a misdemeanor, under section 694.-1, The Code. This motion was granted over the strenuous objection of defendant's counsel. The matter summarily proceeded to trial at that time, still over counsel's protests. As already noted, defendant was found guilty of assault and battery against each of the two complainants.

It must be remembered the only matters pending before the municipal court on December 12, 1972, were the informations filed by Burress and Walker charging violation of section 694.6, The Code. The purpose of the hearing on that date was to determine if there was sufficient evidence to bind defendant over to the district court. Indeed that was the only matter the court could then properly hear.

We recently considered this same question in another context in the case of State v. Mays, 204 N.W.2d 862, 865 (Iowa 1973), where we held that when one is charged by preliminary information in municipal court with an indictable public offense, the only jurisdiction of that court, sitting as a magistrate, is to hold a preliminary examination to determine whether there is cause to hold defendant for investigation by the grand jury.

At such a proceeding the magistrate (here the municipal court) can discharge defendant or hold him to answer an indictment. (Section 761.25, The Code.) A third alternative allows the magistrate to find there is evidence of a crime, but not an indictable one. In that event section 761.26 sets out the procedure to be followed:

"If it appear from the examination that a public offense has been committed which is not triable on indictment, but on information only, and there is sufficient reason for believing the defendant guilty thereof, the magistrate shall retain all the papers, and *forthwith order an information to be filed against the defendant, before him.*" (Emphasis added.)

When the municipal court acceded to the state's request that the felony charge against defendant be abandoned, it was incumbent upon the court to follow the directions of section 761.26. Despite the protestations of defendant's counsel, this statute was completely ignored and defendant was compelled to go to trial immediately.

■ While, as the trial court observed, it is ordinarily to a defendant's advantage to have a felony charge reduced to a misdemeanor, he is nevertheless entitled to have that done as our statutes relating to criminal procedure dictate.

■ As defendant advised the court, he was prepared for a preliminary hearing but not for a trial on the merits—a far different matter. Although the trial court offered defendant an opportunity to bring in additional witnesses later, a party should not be required to try his case piecemeal. Furthermore the right to produce witnesses later does not adequately answer counsel's dilemma in not being prepared for trial. There are other problems of preparation and strategy besides that one. Another effect of the court's peremptory order was to deny defendant his right to a jury trial, an option otherwise open to him.

We hold the municipal court erred in proceeding to try defendant on a charge of assault and battery without an information accusing him of that crime. The state argues assault and battery is an included offense of assault with intent to inflict great bodily harm and was therefore properly before the court on the preliminary informations filed by Burress and Walker.

This would perhaps be true if the municipal court could try the aggravated assault charge *on the merits*. But it had no such power. As already pointed out, its sole authority was to conduct a preliminary hearing. It had no right to try *any* charge on the merits under informations there before it. This is the inescapable effect of the provisions of section 761.26 setting out how such a situation must be procedurally handled.

Another reason, although none is needed, defendant must have a new trial is the trial court's blind acceptance of Officer Burress' testimony (and consequent rejection of defendant's contrary version) be-

cause he knew Burress to be "one officer who wouldn't do what [defendant] said he did. No way. It is not possible."

No lawyer would be willing to accept a juror with such a pre-conceived notion of the veracity of the complaining witness. Neither should he have a judge sitting as a trier of fact who takes as true the testimony of that witness by applying such a subjective standard based on his own out-of-court appraisal of his character.

■ There were also rulings excluding statements made by those at the scene (other than the participants) immediately prior to and during the fight. The trial court ruled these out as not relevant. We believe it was error to do so. Such statements were quite relevant in shedding light on the circumstances under which the alleged offenses occurred. Defendant was entitled to show all the facts surrounding the altercation.

■ All in all, defendant was denied a fair trial. The judgment is reversed and the case remanded for a new trial on the charge of assault and battery in violation of section 694.1, The Code.

■ In connection therewith we hold the state's request to reduce the charges amounted to a dismissal of the preliminary informations filed under section 694.6. Those charges are no longer pending against defendant.

If the state desires to prosecute defendant for assault and battery, it shall do so by filing an information alleging a violation of section 694.1. Since municipal courts were abolished on July 1, 1973, the new trial herein ordered shall be governed by chapter 602, The Code, 1973, as amended by chapter 282, Laws of the 65th General Assembly.

Reversed and remanded with instructions.