STATE of Minnesota, Respondent,

v.

Robert Henry BLANK, Appellant.

No. C1–84–16.

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Julius Gernes, Winona County Atty., Alan F. Pendleton, Asst. Winona County Atty., Winona, for respondent.

Ross Phelps, James R. Koby, La Crescent, for appellant.

Heard, considered, and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

FOLEY, Judge.

A Winona County District Court jury found defendant Robert Blank guilty of assault in the fifth degree in violation of Minn.Stat. § 609.05 (1982). Sentence was stayed pending this appeal. Defendant appeals the trial court's decision to exclude testimony about offensive comments made by the victim before the assault after allowing the attorneys to refer to these comments during opening statements to the jury. We reverse.

## FACTS

Defendant Robert Henry Blank and a few friends were drinking at a bar in Lewiston, Minnesota. Wayne Schauble was the only other person in the bar that night.

Shortly before closing, Schauble used foul, vulgar, and obscene language toward a woman in defendant's group. When defendant asked him why he said that, Schauble responded in similar fashion to defendant. Schauble left the bar. Defendant and his friends followed Schauble out of the bar and defendant struck him.

Both attorneys commented on this exchange with explicit language during their opening statements without objection by the court or each other. The trial judge then asked counsel to approach the bench and, on his own motion, ruled no testimony regarding the provocative comments would be admitted.

The trial judge gave two reasons for his decision: (1) abusive words do not in themselves justify the commission of an assault; and (2) provocative words are irrelevant to proving defendant's state of mind at the time of the assault.

Defense attorney objected to this ruling, then moved for a mistrial. His request was denied.

During the assault, Schauble's checkbook fell out of his pocket and defendant picked it up and checked it for money. The judge allowed testimony regarding this into evidence over defendant's objection of irrelevance.

## ISSUES

1. Did the trial judge err in denying defendant's request for a mistrial when he allowed the attorneys to comment on offensive comments allegedly made by victim just before the assault, then refused to admit such testimony in evidence?

2. Did the trial court err in admitting testimony regarding defendant's handling of victim's checkbook during the assault?

## ANALYSIS

Fifth degree assault under Minn.Stat. 609.224(2) (Supp.1983) provides:

Whoever does any of the following commits an assault and is guilty of a misdemeanor:

(2) Intentionally inflicts or attempts to inflict bodily harm upon another.

We recognize the long-established rule that provocative statements do not, by themselves, constitute a defense to assault. We nonetheless believe that some latitude should be allowed, at least in cross-examination by defendant, to show the circumstances that led to the assault. The court, in pretrial, can suppress use of the explicit language, and can instruct the jury at the close of the case that mere words do not justify an assault. Lawsuits are not tried in a vacuum.

To this end, *State v. Noble*, 215 N.W.2d 219 (Iowa 1974), is helpful. Noble was charged with assault with intent to commit great bodily injury. In Iowa, as in Minnesota, provocation is not a defense to assault. The trial court excluded statements made by others at the scene immediately before and during the fight. The Iowa Supreme Court reversed saying "[s]uch statements were quite relevant in shedding light on the circumstances under which the alleged offenses occurred." *Id.* at 222.

The possible admission of evidence of provocative words must be viewed from more than one perspective. Thus, a judge may very well consider whether "provocative words" are excited utterances, *State v. Bowers*, 178 Minn. 589, 228 N.W. 164 (1929).

 To what extent provocative words or reference to them are admissible in a criminal case is an issue that should be decided before trial. Both attorneys knew their case and what the evidence would be. They should have presented troublesome issues to the court before trial and obtained a ruling or made an appropriate offer of proof if the ruling was adverse. The criminal rules are well designed for pretrial disposition of evidentiary issues and should be used by both court and counsel.

Because the court permitted the attorneys in their opening statements to refer to the explicit exchange that took place in the bar before the alleged assault, then summarily refused to admit evidence of such circumstances, this could only have served to confuse the jury. For that reason, the court should have declared a mistrial, and not having done so, we must reverse.

Defendant next claims the trial court erred in admitting testimony regarding his handling of victim's checkbook during the alleged assault because it is irrelevant and he was not given notice that this testimony was intended to be introduced.

This claim is without merit for two reasons. First, notice need not be given to introduce this testimony. Minn.R.Crim.P. 7.02 provides:

> Notice need not include offenses for which he has been previously prosecuted or those that may be offered in rebuttal of the defendant's character witnesses *or as a part of the occurrence or episode out of which the offense charged against defendant arose.* (emphasis added)

Defendant's conduct in picking up victim's checkbook was clearly part of the immediate episode out of which charges against defendant arose.

Second, the testimony is relevant because it indicates that defendant was close enough to the victim to pick up the fallen checkbook. This rebuts defendant's prior testimony that he was not near the victim and that he was just a casual observer of his friend's fight.

It is unnecessary to consider other issues raised by the appeal in view of the need for a new trial.

## DECISION

We reverse and remand for a new trial.