**STATE of Minnesota, Respondent,**

v.

**Owen WILTSE, Appellant.**

**No. C4-85-1400.**

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 30, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alfred P. Zdrazil, City Atty., Bemidji, for respondent.

Robert M. Wallner, Bemidji, for appellant.

Heard, considered and decided by WOZ-NIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Owen Wiltse appeals his conviction for violating a protection order, contending that he should have been allowed to present evidence concerning his presence at the home in question and of his intent in going there. Appellant claims pretrial suppression of this evidence effectively denied him a fair trial. We reverse and remand for a new trial.

## FACTS

In February, 1985, a protection order was issued, restraining Owen Wiltse from entering the residence of Tracy Smith. The protection order also required Smith to immediately turn over all of appellant's belongings still in her possession. On March 27, 1985, appellant entered Smith's home to obtain certain personal property. Smith telephoned the police who arrested appellant.

Following his arrest at Smith's house, appellant was charged with violation of Minnesota Statute § 518B.01, subd. 14 (1984). Prior to the jury trial, the prosecution brought motions in limine to prohibit testimony concerning whether appellant entered Smith's home with her permission, as well as any testimony as to his reasons for entering and the circumstances leading to appellant's entry into Smith's home.

Appellant made an offer of proof showing that he went to Smith's home to recover his personal property which Smith had not yet returned; that appellant brought a friend with him to Smith's house so the friend could ask Smith for appellant's possessions while appellant waited outside in his car, knowing that the entry of his friend would not be a violation of the court order; that Smith refused to give appellant's friend the property, but indicated that she would give it to appellant if appellant came into her home; and that when Smith invited him to her home, he went in and was grabbed suddenly from behind by Smith's boyfriend, who held him while Smith called the police.

The prosecution concedes that every material contention in appellant's offer of proof is substantially as they know the facts to be, except on one point. The prosecution claims that when appellant and his friend came to Smith's house, she did not invite appellant in. The prosecution agrees that appellant came to Smith's house with a friend and, in good faith, initially wanted his friend to enter for purposes of obtaining appellant's belongings, and further agrees that when appellant entered, he was grabbed by Smith's boyfriend and held until the police entered. By his offer of proof, appellant intended to show the actual circumstances surrounding the incident.

The trial court sustained the prosecutor's in limine motion to suppress this offered testimony finding that, since intent was not an essential element of the crime, appellant's reason for going to Smith's home was irrelevant.

Appellant argued, first, that intent was an element of the crime and, second, that even if specific intent was not an essential element of the crime, he would be effectively denied a fair trial if he were prevented from explaining his presence at Smith's home to the jury.

Following the trial court's suppression of appellant's testimony, appellant waived his right to a jury trial and agreed to proceed on stipulated facts together with the record made of the suppressed testimony.

### ISSUES

1. Did the trial court's suppression of appellant's offer of proof violate appellant's right to a fair trial?

2. Was the pretrial suppression of evidence of appellant's intent erroneous where appellant argued that intent is an element of the crime?

### ANALYSIS

### I.

*Right of fair trial*

Appellant argues vigorously that the trial court's suppression of his testimony explaining his presence at Smith's home denied him his right to a fair trial. The Minnesota Supreme Court has "deem[ed] it fundamental that criminal defendants have a due process right to explain their conduct to a jury." *State v. Brechon*, 352 N.W.2d 745, 751 (Minn.1984) (citing *United States v. Bowen*, 421 F.2d 193, 197 (4th Cir.1970)).

In *Bowen*, the trial court denied defendant, a conscientious objector, the opportunity to explain why he did not want to go into the army. The Fourth Circuit reversed, stating:

Although the record is replete with evidence of willfulness on the part of defendant in failing to report for induction,

we think that he should not have been deprived of the opportunity to deny it, or to offer any possible explanation for his conduct. In short, while the right to answer the question posed to him [did he refuse to report willfully?] *may have availed him little, he should not have been denied that right;* and his conviction can thus not be allowed to stand.

*Bowen*, 421 F.2d at 197 (emphasis added). We find persuasive that part of the *Bowen* decision in which the court stated that, while a defendant's right to answer the question as to whether he willfully refused to report for induction may have availed him little, he could not be denied the right to explain his actions which led to a criminal charge.

Our court addressed a similar issue in *State v. Blank*, 352 N.W.2d 91 (Minn.Ct. App.1984), *pet. for rev. denied* (Sept. 20, 1984), a misdemeanor assault case. Prior to a fight outside a bar between Blank and the victim, the victim and persons in defendant's group had used vulgar language and exchanged remarks with each other. The trial court refused to admit testimony regarding the alleged inflammatory comments into evidence, reasoning that abusive words do not in themselves justify the commission of an assault, and that the words were irrelevant to proving defendant's state of mind at the time of the assault. This court recognized that while provocative statements may not—in and of themselves—constitute a defense to an assault, the defendant must be allowed to show the circumstances that preceded the assault because "lawsuits are not tried in a vacuum." *Id.* at 92.

In *Blank*, we quoted with approval *State v. Noble*, 215 N.W.2d 219 (Iowa 1974), an assault case. In Iowa, as in Minnesota, provocation is not automatically a defense to assault. The trial court excluded statements made by others at the scene immediately before and during the fight. The Iowa Supreme Court reversed, holding: "Such statements were quite relevant in shedding light on the circumstances under

which the alleged offenses occurred." *Id.* at 222.

It is clear, from *Brechon, Bowen,* and *Blank,* that a defendant's explanation for his presence, his actions, or his words at the scene of an alleged crime need not constitute an absolute bar to prosecution, or, if believed, rise to a level requiring an outright dismissal to be relevant and admissible.

In this case appellant was charged under Minn.Stat. § 518B.01, subd. 14 (1984), which states:

(a) Whenever an order for protection is granted pursuant to this section, and the respondent or person to be restrained knows of the order, violation of the order for protection is a misdemeanor.

It is difficult to imagine a situation where, when an essential element of a crime turns on the presence of a defendant, the defendant could be prevented from explaining his presence at the scene to the jury. We can find no court that has so held. The cases cited by the parties, state and federal, hold otherwise.

The prosecution argues that the appellant's version of what happened might "prejudice" a jury. The prosecution concedes that if the appellant's explanation for his presence at Smith's house is believed by the jury, the jury might find those circumstances sufficiently mitigating to acquit. A prosecutor's concern that his case is not "air tight," or that a defendant's conduct is not egregious, is not a proper ground to exclude evidence. Moreover, inferences to be drawn from circumstances surrounding a crime, whether favorable or unfavorable to the State's theory of the case, is left solely for the trier of fact.

Based on our analysis of *Brechon, Bowen,* and *Blank,* we hold that a defendant has the right to present evidence of the reasons for his presence at the scene of an alleged crime, and that deprivation of that right is reversible error.

The record shows that appellant's intention was to seek trial by jury, and that he only waived that right after the court's pretrial suppression of his offer of proof. Based on the cited cases, we hold that the trial court erred in preventing appellant from explaining his presence at the scene of the crime.

## II.

*Intent*

The prosecution argues that specific intent to enter is not an element of the offense. The State claims it must show only that there was a valid court order, that appellant knew of the order, and that appellant entered Smith's home.

The order states in pertinent part that appellant "is restrained and enjoined from committing acts of domestic abuse against petitioner [Smith] including physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury or assault." It further provided that appellant "is excluded from the Petitioner's residence at 603 4th St., Bemidji, MN or wherever petitioner is residing."

Because of our disposition of the fair trial issue, we need not decide whether the crime charged requires intent. As we have decided this case on the issue of a fair trial, it is enough to note that on remand, should the court at the conclusion of the evidence agree with the prosecution on the issue of intent, the court may choose to give an appropriate jury instruction and the prosecutor may so argue in his closing summation.

## DECISION

The trial court erred in not allowing appellant to explain his conduct and his presence at the scene of the alleged crime. Because of our disposition of this case on that issue, we do not decide whether specific intent is an essential element of Minn. Stat. § 518B.01, subd. 14.

Reversed and remanded for trial.