**STATE of Minnesota, Respondent,**

v.

**Wende Borg THOMPSON, Appellant.**

No. C7–99–2003.

Court of Appeals of Minnesota.

Oct. 3, 2000.

Mike Hatch, Attorney General, and Clayton M. Robinson, Jr., St. Paul City Attorney, John H. Stechmann, Assistant City Attorney, St. Paul, for respondent.

John M. Stuart, State Public Defender, Sharon E. Jacks, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, Presiding Judge, HARTEN, Judge, and HALBROOKS, Judge.

## OPINION

RANDALL, Judge.

Appellant challenges her convictions of fifth-degree assault, obstruction of legal process, and disorderly conduct. Appellant argues that the district court violated her due-process right to a fair trial by excluding a statement she made to police and limiting her testimony. Appellant also argues that she was sentenced for multiple offenses arising out of the same behavior. We reverse and remand.

## FACTS

Appellant Wende Borg Thompson's children sold newspapers for the Pioneer Press and were supervised by Steven Umland. According to Thompson, she became concerned about Umland's relationship with her 13-year-old daughter and called Umland's supervisor to complain. One week after her complaint, Umland appeared at Thompson's house to deliver her children's last paychecks. An altercation took place, and Thompson struck Umland in the face, resulting in a cut in his lip.

Umland called the police and two officers responded. They knocked on Thompson's door, but she refused to speak to them or leave her house. A struggle ensued. The officers physically restrained Thompson and escorted her to the squad car. Sometime after Thompson's arrest, she made the statement, "That punk has been having relations with my daughter," to another officer.

Thompson was charged with fifth-degree assault, obstruction of legal process, and disorderly conduct. At the pretrial hearing, the state brought a motion in limine to suppress Thompson's statement to the police and her testimony regarding her belief that Umland was having sexual relations with her daughter. The district court suppressed the evidence, deciding that the evidence was inflammatory, irrelevant, and unrelated to any legally recognized defense. After a jury trial, Thompson was convicted on all charges. This appeal followed Thompson's sentencing.[1]

## ISSUES

1. Was appellant denied her due-process right to a fair trial because the district court suppressed her statement to police and precluded her from testifying about her motive for hitting the victim?

2. Did the district court err by imposing separate sentences on appellant's fifth-degree assault and disorderly conduct convictions?

## ANALYSIS

I. Evidentiary Issues

Thompson asserts that she was deprived of her due-process right to a fair trial because the district court suppressed her statement to police and precluded her

---

1. The record is not clear about Thompson's sentence. The district court judge first sentenced Thompson to a general sentence of one year in the Ramsey County Workhouse but suspended that sentence for probation and 20 days in the workhouse. At a subsequent hearing, the district court stated that it intended to execute 20-day sentences for the disorderly conduct and obstruction-of-legal-process con-

victions and run them concurrently with the 20-day executed sentence for fifth-degree assault. The district court then went off the record to discuss the matter with Thompson's counsel, however, and no change in Thompson's sentence was made on the record. Despite this, the parties agree that Thompson received separate, concurrent sentences.

from testifying about her motive for hitting Umland.[2] We agree.

The Due Process Clauses of the United States and Minnesota Constitutions mandate that criminal defendants be treated with fundamental fairness. *State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992). This standard of fairness requires that criminal defendants be " 'afforded a meaningful opportunity to present a complete defense.' " *Id.* (quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984)). The Minnesota Supreme Court has deemed "it fundamental that criminal defendants have a *due-process right to explain their conduct to a jury.*" *State v. Brechon*, 352 N.W.2d 745, 751 (Minn.1984) (emphasis added) (citation omitted). Criminal defendants have a due-process right to give the jury an explanation of their conduct even if their motive is not a valid defense. *State v. Rein*, 477 N.W.2d 716, 719 (Minn.App. 1991), *review denied* (Minn. Jan. 30, 1992).

In *State v. Wiltse*, 386 N.W.2d 315, 316 (Minn.App.1986), *review denied* (Minn. June 30, 1986), the defendant was charged with violating an order for protection by entering the complainant's home. The district court granted the state's motion to suppress the defendant's testimony explaining his actions leading to the criminal charge. *Id.* at 317. In reversing, this court stated that when an essential element of a crime turns on the presence of a defendant, "it is difficult to imagine" circumstances under which the defendant could be prevented from explaining his presence to the jury. *Id.* at 318. This court went on to hold that a defendant has the right to present evidence explaining

the reasons for his presence at the scene of the alleged crime and deprivation of that right is reversible error. *Id.; see also State v. Blank*, 352 N.W.2d 91, 92 (Minn. App.1984) (recognizing long-established rule that provocative statements do not, by themselves, constitute defense to assault but some latitude should be allowed, at least in cross-examination by defendant, to show circumstances that led to assault), *review denied* (Minn. Sept. 20, 1984).

As in *Wiltse*, the district court here improperly excluded the evidence Thompson wanted to submit to explain her conduct. The district court suppressed this evidence because the court determined it was "inflammatory," "irrelevant," and "unconnected to any articulable, legally recognized defense." We disagree with the district court's suppression of the evidence that Thompson sought to introduce. It was not inflammatory or irrelevant. It was the reason Thompson, a woman, tried to hit Umland, a man. Also, we disagree with the district court's determination that the evidence was "unrelated to any legally recognized defense." This is not the test for the defendant's constitutional right to present a case. Every single occurrence in the chain of events leading up to a crime does not have to be "a legally recognized defense," any more than every piece of evidence, direct or circumstantial, that the state wishes to offer in a criminal case, has to be by itself "a legally recognized crime." A case by the state may contain hundreds or thousands of small pieces of evidence which, standing alone, do not come close to constituting a crime, but each may be relevant and admissible because they form

---

2. The state asserts that because Thompson failed to object at trial to the prosecutor's comment in her opening and closing statement that Thompson had "no good reason" to hit Umland, Thompson forfeited her right to challenge those statements on appeal. *See State v. Odenbrett*, 349 N.W.2d 265, 269 (Minn.1984) (recognizing appellate courts do not address issues not adequately raised nor considered below). Thompson does not contend, however, that the prosecutor's state-

ments should have been stricken. Instead, she argues that the district court erred by limiting her testimony and excluding a statement she made to the police. She challenged these evidentiary rulings when the state brought a motion in limine to suppress her statement to the police and exclude her testimony explaining why she struck Umland. Thus, Thompson has not waived the evidentiary issue she raises on appeal.

part of a lengthy chain showing the defendant committed a crime. This is similar to a criminal defendant's constitutional right to present a defense. The defendant is also entitled to put in a chain, short or long, of evidence that he hopes will convince the jury of his case.

■ Thompson has an absolute right to tell the jury why she acted with aggression toward Umland. The weight and credibility of this evidence, if any, is for the jury, not the district court. The record does not show this was a bench trial. *Rein* makes it clear that defendants have a due process right to explain reasons for their conduct, even if the explanation is not a perfect defense. *See Rein,* 477 N.W.2d at 719.

■ A district court cannot "edit" a conversation involving a defendant. It is the jury's duty to weigh the evidence, not the court's. *See State v. Brocks,* 587 N.W.2d 37, 42 (Minn.1998) (recognizing jury in best position to evaluate credibility of witnesses and weigh evidence, and therefore its verdict must be given due deference); *see also Blank,* 352 N.W.2d at 92 (observing "[l]awsuits are not tried in a vacuum"). As we noted in *Blank,* the district court can instruct the jury at the close of the case that provocative statements may not justify an assault. *See Blank* 352 N.W.2d at 92 (recognizing district court may instruct jury at close of case that "mere words do not justify an assault"). But in criminal cases, unlike civil cases, the district court cannot take the case away from the jury and direct a verdict for the prosecution.

The district court's exclusion of this evidence substantially prejudiced Thompson. *See State v. Post,* 512 N.W.2d 99, 102 (Minn.1994) (stating where reasonable possibility verdict might have been different if evidence had been admitted, erroneous exclusion of evidence is prejudicial). Without the excluded information, the jury did not receive a complete picture of the incident and, as Thompson's counsel asserted during the pretrial, the jury may have inferred Thompson was a "crazy woman who just assaults people" for no good reason. The prosecutor *compounded* the district court's error by stating in her opening and closing sentences that Thompson had "no good reason at all in the presence of her two children to punch another individual." The state's conduct here bordered on unethical. The state moved in chambers to exclude Thompson's reason for hitting Umland, and had that motion granted. Then the state stood up in front of the jury and argued that "Thompson had no reason to do what she did." In fact, the prosecutor knew Thompson's reason (might disagree with it, but still knew it!) because she had just gotten done "keeping it from the jury." We conclude the district court denied Thompson her due-process right to a fair trial by excluding the statement she made to the police and limiting her testimony as to her conversation with the police.

## II. Sentencing

■ Thompson also asserts that because her convictions for fifth-degree assault and disorderly conduct arose from the same behavioral incident, her sentence for disorderly conduct must be vacated. Our resolution on the evidentiary issue makes it unnecessary to decide Thompson's challenge to her sentence. We note, however, that if on retrial, Thompson is again convicted of disorderly conduct and fifth-degree assault and/or obstruction of legal process, the district court must determine whether the disorderly conduct conviction arose from the same behavioral incident as the fifth-degree assault and/or obstruction of legal process. *See* Minn. Stat. § 609.035, subd. 1 (1998) (stating if conduct constitutes more than one offense, person may be punished for only one offense); *State v. Butterfield,* 555 N.W.2d 526, 530 (Minn.App.1996) (recognizing whether offense is part of same behavioral incident is factual determination), *review denied* (Minn. Dec. 17, 1996).

Finally, we note that Thompson has already served her 20–day sentence. The interests of justice require that she not receive any additional sentence if she is convicted on retrial. *See State v. Holmes,* 281 Minn. 294, 302, 161 N.W.2d 650, 655–56 (1968) (holding where defendant granted new trial on appeal, district court may not impose greater sentence after subsequent conviction than original sentence imposed). Thus, on remand to the district court, we suggest the court consider the issue of mootness and judicial economy before proceeding.

### DECISION

The district court denied Thompson her due-process right to present a complete defense by suppressing a statement she made to the police and limiting her testimony.

On remand, if there is another trial and Thompson is convicted, the district court must not impose separate sentences for convictions arising out of a single behavioral incident.

**Reversed and remanded.**