STATE of Minnesota, Respondent,

v.

Larry Allen NELSON, Appellant.

No. A12–0071.

Court of Appeals of Minnesota.

Dec. 10, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Senior Assistant County Attorney, Rochester, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by CHUTICH, Presiding Judge; HALBROOKS, Judge;

and TOUSSAINT, Judge.*

## OPINION

HALBROOKS, Judge.

Appellant challenges his felony conviction of failing to provide care and support for his two minor children in violation of Minn.Stat. § 609.375. Appellant argues that the district court (1) erred by interpreting the statute as providing that the state could obtain a conviction by proving only that he had failed to make court-ordered child-support payments and (2) abused its discretion by excluding evidence of his nonmonetary care for his children that he intended to offer as a defense to the charge against him. Because we conclude that the district court correctly interpreted the statute and because evidence that appellant provided nonmonetary care to his children was not relevant to the state's burden of proof, we affirm.

## FACTS

By complaint filed August 14, 2008, the state charged appellant Larry Allen Nelson with felony failure to provide court-ordered support of his two minor children in violation of Minn.Stat. § 609.375. The complaint alleged that "beginning before" April 12, 2007, and continuing through April 30, 2008, appellant's monthly support obligation was $315, but he had in fact made only one payment of $41, an involuntary payment. The probable-cause section of the complaint indicated that appellant, who was divorced in 1994, had willfully stopped paying his court-ordered child-support obligations in approximately mid–1997. Between January 1, 1998 and February 1, 2002, appellant made only four payments, all involuntary. During that pe-

riod, appellant was repeatedly held in civil contempt and jailed on several occasions for his failure to pay support. In January 2002 and October 2004, the state charged appellant with felony nonsupport of a spouse or child. This court affirmed four of the five convictions obtained as a result of the 2002 complaint and reversed and remanded the conviction obtained as a result of the 2004 complaint because appellant had not validly waived various rights in the context of a *Lothenbach* proceeding pursuant to Minn. R. Crim. P. 26.01, subd. 4. The state chose not to recharge appellant on the alleged 2004 violations. Between July 2004 and May 2008, appellant made five payments totaling less than $1,000, all involuntary. As of April 30, 2008, appellant's total arrears were $83,470.27.

At the contested omnibus hearing on December 10, 2008, appellant moved to dismiss the charge against him. Appellant argued that because Minn.Stat. § 609.375 criminalizes the failure to provide court-ordered "care and support" to one's children, the state was required to prove that he failed to provide his children both nonmonetary care (e.g., companionship, supervision, and emotional care) and monetary support. Because it was undisputed that appellant provided his children with nonmonetary care, he argued that the state lacked probable cause to charge him. The district court denied appellant's motion.

On April 6, 2011, the day scheduled for trial, the state moved in limine to preclude appellant from presenting any evidence of his nonmonetary care of his children as a defense. The state contended that any such evidence was irrelevant to the elements that the state had to prove to obtain a conviction because the statute requires

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

only proof of failure to provide financial support. The district court granted the state's motion. The parties subsequently agreed that the issue raised by appellant at the omnibus hearing—whether the state must prove that appellant failed to provide both monetary support and nonmonetary care or just monetary support—was dispositive. Appellant waived his right to a jury trial and submitted the matter to the court on stipulated facts pursuant to Minn. R. Crim. P. 26.01, subd. 4. The district court found appellant guilty as charged, stayed the imposition of a sentence for two years, placed appellant on probation subject to various conditions, and stayed the sentence pending the appeal. This appeal follows.

## ISSUES

1. Did the district court err in its interpretation of Minn.Stat. § 609.375?

2. Did the district court abuse its discretion by excluding as irrelevant any evidence that appellant provided nonmonetary care for his children?

## ANALYSIS

### I.

Appellant argues that the district court committed reversible error when it interpreted the nonsupport statute, Minn.Stat. § 609.375, as requiring the state to prove only that he failed to provide monetary support to his children in order to obtain a conviction. Appellant maintains that the statute is violated only when an obligor fails to provide both monetary and nonmonetary support to a spouse or child and that because he provided nonmonetary care for his children, his conviction cannot stand.

Statutory interpretation presents a question of law, which we review de novo. *State v. Fleck*, 810 N.W.2d 303, 307 (Minn.

2012). When interpreting and construing statutes, we must attempt "to ascertain and effectuate the intention of the legislature," and each statute "shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2010). We first determine whether the statutory language is clear. *See ILHC of Eagan, LLC v. Cnty. of Dakota*, 693 N.W.2d 412, 419 (Minn.2005). In so doing, we consider "the whole structure of the statute and the context of the challenged language." *In re Robledo*, 611 N.W.2d 67, 69 (Minn.App. 2000). If the language is clear, we must apply its plain meaning. *ILHC*, 693 N.W.2d at 419. But statutory language that is reasonably susceptible to more than one meaning is ambiguous and subject to statutory construction. *Westchester Fire Ins. Co. v. Hasbargen*, 632 N.W.2d 754, 756 (Minn.App.2001).

Here, the statute provides, in relevant part:

> Whoever is legally obligated to provide care and support to a spouse or child, whether or not the child's custody has been granted to another, and knowingly omits and fails to do so is guilty of a misdemeanor, and upon conviction may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $1,000, or both.

Minn.Stat. § 609.375, subd. 1. Appellant was charged under the statute's felony-violation provision, which provides:

> A person who violates subdivision 1 is guilty of a felony and upon conviction may be sentenced to imprisonment for not more than two years or to payment of a fine of not more than $5,000, or both, if:
>
> (1) the violation continues for a period in excess of 180 days; or
>
> (2) the person is in arrears in court-ordered child support or maintenance

payments, or both, in an amount equal to or greater than nine times the person's total monthly support and maintenance payments.

*Id.*, subd. 2a.

The parties maintain that the language of the nonsupport statute is clear. Appellant argues that the statute clearly proscribes the failure to provide *both* monetary support *and* nonmonetary care. Under this reading, a parent would avoid liability so long as he provides at least one of these forms of assistance—for example, a parent providing nonmonetary care (e.g., companionship) while refusing to furnish any financial support of his child would not violate the statute. In contrast, the state argues that the statute prohibits the failure to provide *either* support or care. As a result of this interpretation, the failure to provide just one of these forms of assistance (or the failure to provide both) would violate the statute. This would make liable a parent, for example, who furnishes financial support but no other forms of nonmonetary caregiving to his or her child. We disagree that the language of the statute is clear or that it commands either reading. Because the statute neither defines the terms "care" and "support" nor makes clear whether either term refers to nonmonetary assistance, we conclude that the phrase "care and support" is ambiguous as it is used in Minn.Stat. § 609.375.

As such, we turn to statutory construction to discern the legislature's intent in drafting and passing the nonsupport statute. To that end, we may consider among other matters the "necessity of the law; ... the mischief to be remedied; ... the object to be attained; ... other laws upon the same or similar subjects; [and] the consequences of a particular interpretation." Minn.Stat. § 645.16. We must presume that the legislature never intends "a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17 (2010).

**Purpose of law**

The legislative history of the disputed provision indicates that the purpose of the statute is to criminalize the nonpayment of child support, not to ensure that obligors provide nonmonetary caregiving. Modifications and amendments to the nonsupport statute and statutes referencing the nonsupport statute have consistently concentrated on the obligor's failure to pay court-ordered child support rather than a failure to provide nonmonetary care. *See* 2001 Minn. Laws ch. 158, § 4, at 469 (requiring notice to obligor that the failure to pay court-ordered child support can result in a criminal prosecution under section 609.375); 1997 Minn. Laws. ch. 245, art. 1, § 31, at 3010 (providing that an individual convicted of a violation of the nonsupport statute may be released to a work-release program if he agrees to automatic income withholding and that nonpayment of child support is a violation of any probation following a conviction under subdivision 2a of the nonsupport statute); 1994 Minn. Laws ch. 630, art. 11, §§ 17–19, at 1862 (specifying enhancement, venue, and dismissal provisions in situations where a party is accused of having failed to pay court-ordered child support).

This history demonstrates that the intent of the legislature, in passing and modifying the nonsupport statute, was to criminalize the nonpayment of child support. There is no indication of legislative intent to criminalize the failure to provide nonmonetary care. This conclusion is consistent with our observation in an earlier case involving appellant and construing section 609.375, where we determined that in passing this statute the legislature intended to criminalize the nonpayment of court-ordered child support. *See State v. Nelson,*

671 N.W.2d 586, 590 (Minn.App.2003) (noting that section 609.375 criminalizes the nonpayment of court-ordered child support).

**Similar laws**

Our consideration of similar statutory provisions, while not dispositive, also compels an interpretation of "care and support," in the nonsupport statute, as referring solely to an obligor's financial obligations. Appellant cites Minn.Stat. § 518A.38, subd. 3 (2010) to demonstrate that the legal obligation to provide "care and support" is not always limited to monetary assistance. This statute, which describes post-dissolution child-support obligations, provides that an obligor may satisfy a child-support obligation "by providing a home, care, and support for the child while the child is living with the obligor, if the court finds that the child was integrated into the family of the obligor with consent of the obligee." Minn. Stat. § 518A.38, subd. 3. Appellant's contention that "support" "is not limited to court-ordered financial support" is, however, contradicted by Minn.Stat. § 518A.26, subd. 20 (2010), which provides:

"Support money" or "child support" means an amount for basic support, child care support, and medical support pursuant to:

(1) an award in a dissolution, legal separation, annulment, or parentage proceeding for the care, support and education of any child of the marriage or of the parties to the proceeding;

(2) a contribution by parents ordered under section 256.87; or

(3) support ordered under chapter 518B or 518C.

Even if one were to adopt appellant's position that "support" may, in other contexts, refer to nonmonetary support, the felony provision of the nonsupport statute under which appellant was convicted, subdivision 2a(2), exclusively refers to financial support. It provides that a felony nonsupport violation occurs when an obligor is in arrears "in court-ordered ... payments." Minn.Stat. § 609.375, subd. 2a(2). The statute makes no mention of nonmonetary care that might be required of the obligor. The same is true of subdivision 2b, which requires that a district court attempt to obtain an order holding an individual in contempt for failing to pay support prior to charging the individual with a violation of the statute. *Id.*, subd. 26. Under this subdivision, there is no mechanism for determining a violation based on an individual's failure to provide nonmonetary care.

**Consequences of proposed interpretations**

■ Finally, we observe that both of the parties' proposed interpretations of the nonsupport statute would elicit absurd results that the legislature could not have intended. *See* Minn.Stat. § 645.17 (requiring a reviewing court to presume that the legislature does not intend absurd or unreasonable results). As noted, appellant's reading of the statute would permit every child-support obligor who has failed to meet court-ordered payment obligations to avoid prosecution by merely demonstrating the provision of any nonmonetary care, such as companionship, to his or her children. And the state's reading would penalize an obligor who satisfies every court-ordered payment obligation but who fails to provide other caregiving obligations to his or her children.

Therefore, in light of the statute as a whole and its intended purpose, we conclude that "care and support," as used in Minn.Stat. § 609.375, refers exclusively to a person's financial obligations to a spouse or child. Appellant's contention that he

can avoid prosecution under the statute by demonstrating that he has provided nonmonetary care to his children is wholly without merit.

## II.

■ Appellant argues that the district court abused its discretion by granting the state's motion to exclude evidence that appellant provided nonmonetary care to his children as a defense to the charge under the nonsupport statute. Generally, appellate courts review the district court's evidentiary rulings for an abuse of discretion. *State v. Bell,* 719 N.W.2d 635, 641 (Minn. 2006). Relevant evidence is generally admissible. Minn. R. Evid. 402. "Relevant evidence" means evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn. R. Evid. 401.

■ We disagree with appellant's contention that the district court abused its discretion by excluding the evidence of appellant's nonmonetary care of his children as irrelevant. As indicated in this decision, appellant's failure to provide such care is not an element of the charged offense, and the state was therefore not required to prove that appellant failed to provide nonmonetary care to his children. None of the elements of the charged offense, as listed in section 609.375, could be proved or disproved by establishing that appellant provided nonmonetary care to his children. Appellant relies on *State v. Wiltse,* 386 N.W.2d 315, 317–18 (Minn.App. 1986), *review denied* (Minn. June 30, 1986), but that case is inapposite because it involved a challenge to the district court's exclusion of evidence that was relevant to prove an element of the charged offense. Because the challenged evidence in this case is irrelevant to prove a violation of

section 609.375, the district court properly granted the state's motion to exclude it.

## DECISION

The district court did not err in its interpretation of the nonsupport statute and did not abuse its discretion by excluding evidence that appellant provided nonmonetary care to his children.

**Affirmed.**